HELENE M. MAIGILLE, Plaintiff, *v.* FRANK H. LEONARD, Appellant. FRANK W. BOYER, Assignee, Respondent.

*Supplementary proceedings — they may be instituted by an assignee of the judgment in the name of his assignor — objection that contempt proceedings were begun by a notice of motion instead of by order to show cause or attachment, when waived — order fixing a fine and committing the debtor until the fine and sheriff's fees be paid amended by striking out the latter.*

An assignee of a judgment may institute proceedings supplementary to execution thereon in the name of his assignor, the original judgment creditor.

The objection that a motion to punish a judgment debtor for contempt, for disobeying an order in proceedings supplementary to execution, was brought

before the court by means of a notice of motion, whereas, under section 2269 of the Code of Civil Procedure, it should have been instituted by an attachment or order to show cause, will be deemed to have been waived unless it is taken at the Special Term.

An order adjudging a person guilty of contempt and commanding him to pay a fine for a certain amount and providing that he be committed to jail unless he pays said fine, together with the sheriff's fees, should be modified by striking therefrom the provision as to the sheriff's fees, where it appears that the amount of such fees was not fixed by the order nor made a part of the fine.

APPEAL by the defendant, Frank H. Leonard, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of January, 1905, adjudging the defendant guilty of contempt in having disobeyed an order in proceedings supplementary to execution and imposing a fine for said contempt.

*Richard W. Newhall* [*George W. Martin* with him on the brief], for the appellant.

*J. Stewart Ross*, for the respondent.

WILLARD BARTLETT, J. :

The proof, as I understand it, clearly establishes the fact that the defendant, after service upon him of the restraining orders in supplementary proceedings, paid out of his bank account a sum in excess of the amount of the fine which has been imposed upon him by the order appealed from. The court below was right, therefore, in adjudging him guilty of contempt and in imposing that fine if the proceedings supplementary to execution were properly instituted and were maintainable by Frank W. Boyer, the assignee of the judgment, who is the respondent in this court. The affidavit upon which the first order in supplementary proceedings was granted was made by Mr. J. Stewart Ross, the attorney for the plaintiff in the action in which the judgment was obtained. In that affidavit the fact that Mr. Boyer was the owner of the judgment was not disclosed. It was subsequently made to appear, however, by the affidavits of Mr. Boyer and Mr. Ross that Mr. Boyer was the assignee of the judgment in the action and that the supplementary proceedings had really been instituted by Mr. Ross in behalf of Mr.

Boyer, although in the name of the plaintiff. This course on the part of the assignee is sanctioned by authority and affords the judgment debtor no just ground of complaint. (*Ross* v. *Clussman*, 3 Sandf. 676.)

The proceeding to punish the defendant for contempt was brought before the court by means of a notice of motion, whereas it should have been instituted by an attachment or an order to show cause, under section 2269 of the Code of Civil Procedure (*Sandford* v. *Sandford*, 40 Hun, 540); but this objection was not taken at the Special Term and must, therefore, be deemed to have been waived. (*Wilson* v. *Greig*, 12 Wkly. Dig. 73.)

The order adjudging the defendant guilty of contempt and commanding him to pay $991.18 should be affirmed except in one respect. The last clause provides for the commitment of the defendant unless he pays said fine *together with the fees of the sheriff of Kings county*. The amount of these fees is not fixed by the order, nor are they made a part of the fine. Hence, the defendant cannot be required to pay them as a condition of the nonenforcement of that portion of the order which provides for his commitment.

The order must, therefore, be modified by striking out from the last paragraph the words " together with the fees of said sheriff," and as modified it should be affirmed, with ten dollars costs and disbursements.

WOODWARD, JENKS, RICH and MILLER, JJ., concurred.

Order modified as directed in the opinion of BARTLETT, J., and as modified affirmed, with ten dollars costs and disbursements.