WEST HUDSON COUNTY TRUST CO. v. WALDRON.

(Supreme Court, Appellate Division, First Department.   May 24, 1907.)

CONTEMPT—PROCEEDINGS TO PUNISH FOR CONTEMPT—FORM OF REMEDY.

Under Code Civ. Proc. § 2269, providing that the court or judge, authorized to punish for contempt, may in its discretion in certain cases, and in every other case must, make an order requiring the accused to show cause why he should not be punished or issue a warrant of attachment to the sheriff, a proceeding to punish for contempt must be instituted either by an order to show cause or a warrant, and the court is without jurisdiction to entertain a proceeding based on a notice of motion for an order punishing accused as for contempt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Contempt, §§ 122–124.]

Appeal from Special Term, New York County.

Action by the West Hudson County Trust Company against Robert H. Waldron.   From an order committing the defendant for contempt, he appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Safford A. Crummey, for appellant.

H. A. Rosenberg, for respondent.

INGRAHAM, J.   This order adjudged the defendant guilty of contempt in willfully refusing to be sworn or to affirm and testify before a referee in proceedings supplemental to judgment.   The plaintiff obtained a judgment against the defendant, an execution upon which was issued and returned unsatisfied, whereupon an order in supplemental proceedings was issued requiring the defendant to be examined, and, as the defendant was confined in jail, a referee was appointed to take his examination.   The referee appeared at the jail, when the defendant refused to be sworn or to answer any questions.   The referee certified this fact to the court.   The plaintiff, upon the certificate of the referee and an affidavit of the plaintiff's attorney, and upon notice of motion served upon the defendant, applied for an order punishing the defendant for contempt.   The defendant appeared and opposed that motion; but it was granted, and the defendant was committed to the county jail until he should consent to be sworn and submit to an examination under the order in supplemental proceedings.

There is only one trouble in this proceeding, and that is that it was instituted by a notice of motion, and not by an order to show cause, as required by section 2269 of the Code.   Under that section, the court or judge authorized to punish for the offense may in his or its discretion make an order to show cause why the accused should not be punished for the alleged offense, or issue a warrant of attachment directed to the sheriff, commanding him to arrest the accused and bring him before the court or judge.   The Legislature seems to have provided that this proceeding must be instituted either by an order to show cause or a warrant.   The court, therefore, was without jurisdiction to entertain the proceeding based upon a notice of motion.

The order appealed from must be reversed, with $10 costs and disbursements, and the application denied, with $10 costs. All concur.