MARGARET O'KEEFFE SEITZ, Respondent, v. EDISON Z. SEITZ, Appellant.
— Motion denied, without costs. Present — Jenks, P. J., Mills, Rich,
Putnam and Blackmar, JJ.

JAMES K. DAVIS, Appellant, v. GILBERT E. LOPER and Others, Respond-
ents.— Order affirmed, with ten dollars costs and disbursements. No
opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

MARGUERITE F. GARVEY, an Infant, by MARY GARVEY, Her Guardian
ad Litem, Respondent, v. C. JOHANN & SONS, INC., Appellant.— Judgment
and order reversed and new trial granted, costs to abide the event, upon the
ground that the verdict which exonerates plaintiff from contributory negli-
gence is against the weight of the evidence. Jenks, P. J., Mills and Putnam,
JJ., concur; Blackmar and Kelly, JJ., vote for affirmance.

PHILIP GOLDFARB, Respondent, v. GEORGE G. FRIES and Others, Appel-
lants.— Judgment and order unanimously affirmed, with costs. No opinion.
Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

ALFRED T. JOHNSON, Appellant, v. JAMES T. ACKERMAN, Respondent.—
Order reversed, with ten dollars costs and disbursements to abide the event,
and motion denied, with ten dollars costs. There is no proof that the order
which it is claimed the plaintiff violated was served upon him personally or
in any other manner. Section 799 of the Code of Civil Procedure provides:
" Where a party has appeared, a notice or other paper, required to be served
in an action, must be served upon his attorney." Section 802 of the Code of
Civil Procedure, however, provides that the article in which section 799 is
found does not apply to the service of " a paper to bring a party into con-
tempt." Such papers must be served personally. (Pitt v. Davison, 37
N. Y. 235.) Section 757 of the Judiciary Law provides for two methods of
proceeding to punish for a civil contempt. One is by means of an order to
show cause and the other is by means of a warrant of attachment. As
neither process issues until the court is satisfied by affidavit of the commis-
sion of the offense, no other method of initiating the proceeding can be
permitted. (West Hudson County Trust Co. v. Waldron, 119 App. Div.
294; Bradbury v. Bliss, 23 id. 606; Dunlop v. Mulry, 40 Misc. Rep. 131.)
As this is jurisdictional, it is not waived by appearance. Jenks, P. J., Mills,
Blackmar, Kelly and Jaycox, JJ., concur.

ANNA ROSENBLATT, Respondent, v. LOUIS ROSENBLATT, Appellant.
(Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements.
No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

ANNA ROSENBLATT, Respondent, v. LOUIS ROSENBLATT, Appellant.
(Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements.
No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

HARRY J. ROTHMAN, Respondent, v. LOTTIE C. KEISER, Appellant.—
Order affirmed, with ten dollars costs and disbursements. No opinion.
Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.