In the Matter of the Application of the Westchester Electric Railroad Company for an Order of Mandamus against the City of Mount Vernon and Others. The City of Mount Vernon and Its Officers, Appellants; Westchester Electric Railroad Company, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

Samuel S. Leibowitz and Another, Copartners, etc., Respondents, v. Fire Association of Philadelphia, Appellant, Impleaded with Louis M. Sussman, Defendant.— Judgment and order unanimously affirmed, with costs. We think that the paper sued upon was a negotiable instrument. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

Hyman Levy, Respondent, v. Joseph Stapenoff, Appellant, Impleaded with Nathan Hoffman, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

Joseph Miller, Appellant, Respondent, v. L. Boyer's Sons Company, Respondent, Impleaded with T. Hogan & Sons, Inc., Appellant.— Judgment and order affirmed, with costs. No opinion. Jaycox, Kelby, Young and Kapper, JJ., concur; Kelly, P. J., dissents, and votes to reverse and for a new trial as to both defendants.

The Mount Vernon Company, Silversmiths, Inc., Respondent, v. The Mount Vernon Metal Products Company, Inc., Defendant. In the Matter of the Punishment of Harry A. Macfarland, Appellant, for Contempt.— Order adjudging appellant guilty of contempt reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Upon the facts disclosed, the court had not acquired jurisdiction of the appellant, the conclusive proof showing that personal service of the subpœna and order to show cause had not been made in the manner prescribed by statute. (Civ. Pr. Act, § 299; Rules of Civ. Prac. rule 20; *Tebo* v. *Baker*, 77 N. Y. 33; *Johnson* v. *Ackerman*, 192 App. Div. 890.) Manning, Kelby, Young and Kapper, JJ., concur; Kelly, P. J., concurs in the result upon the ground that the contempt charged was failure to obey the subpœna, and the court found that the subpœna had not been served upon the appellant; he was, therefore, convicted of a contempt with which he was not charged.