Wilfred A. Waltemade, J.
This is an application by petitioner for an order adjudging the Sheriff of the City of New York guilty of contempt for his refusal to accept and execute an ex parte commitment issued by one of the Justices of this court. '
A resumé of the prior proceedings is as follows: (1) By notice of motion, dated May 27, 1965, petitioner, a plastering subcontractor, made an application for an order compelling the respondent, the owner and general contractor of a building under construction in the Borough of Manhattan to deliver a verified statement of the entries in the books and records of a Lien Law trust required to be established for the improvement at the premises owned by the respondent, pursuant to the provisions *919 of the Lien Law (art. 3-A). The respondent appeared and opposed that application but the court granted the petitioner’s motion nevertheless. A copy of the order dated June 17, 1965, entered on the motion was personally served on William Buxsbaum, president of the respondent corporation, on June 24,1965; (2) the respondent failed to comply with the terms of the order of June 17, 1965; (3) the petitioner then proceeded against the respondent by notice of motion, dated July 27, 1965, in which punishment for contempt was sought; a copy of the notice of motion with the supporting papers was served personally on respondent’s president on August 4, 1965; 16 days later, on its return date of August 20, 1965, the motion was granted on default, and an order was entered on September 1,1965, adjudging the president of the respondent corporation in contempt of court with leave to purge himself of said contempt by delivering the Lien Law statement, and an alternative provision for an ex parte application for an order of commitment in the event of the respondent’s continued failure to provide the required statement; personal service of the contempt order was made on the respondent’s president on September 3, 1965; on September 20,1965, after the further noncompliance with the orders of this court, the petitioner obtained the order of commitment which is the subject of the instant motion.
From the inception of the proceeding by the petitioner to compel compliance with subdivision 5 of section 76 of the Lien Law, the respondent corporation has had personal knowledge and notice, through its president William Buxsbaum, of each and every patient and progressive action taken by the petitioner.
Although the commitment order is admittedly valid and regular on its face, the Sheriff refused to accept it for execution after petitioner’s counsel, in response to the Sheriff’s questions, advised that the contempt motion had been initiated by notice of motion rather than by order to show cause as provided for in section 757 of the Judiciary Law. The Sheriff urges that this is a jurisdictional defect making void the contempt order and the order of commitment issued thereon.
The petitioner contends that the Sheriff is a ministerial officer and is duty-bound to execute an order of this court where it is regular and valid on its face (Lang v. Dreyer, 170 Misc. 207; Crocker, Duties of Sheriffs [3d ed.], § 283, p. 148).
Section 757 of the Judiciary Law does recite only two methods of instituting a motion to punish for contempt. One is by an order to show cause and the other is by a warrant of attachment. The issue of whether the initiation of contempt proceedings by notice of motion is jurisdictionally fatal or is a mere irregularity *920 which may be waived has been the subject of conflicting opinions by the courts. In the cases of West Hudson County Trust Co. v. Waldron (119 App. Div. 294) and Johnson v. Ackerman (192 App. Div. 890) it was held that the defect in procedure was jurisdictional making the proceedings void. In the cases of Maigille v. Leonard (102 App. Div. 367, affd. 181 N. Y. 558) and People ex rel. McCabe v. Shipley (47 N. Y. S. 2d 478) it was held that the defect in procedure was a mere irregularity which may be waived by the party against whom the contempt order is sought.
The provisions of section 757 of the Judiciary Law are directory and not mandatory. The court in the case of People ex rel. McCabe v. Shipley (supra, pp. 478-479) wrote: “ Respondent’s attorney (a substituted attorney) contends that because service was not in compliance with section 757, supra, the court lacks jurisdiction to punish respondent. That contention cannot be sustained. The provision is not mandatory. The process to put into action the machinery to punish respondent for his disobedience of an order entered in this habeas corpus could neither give rise nor deprive this court of jurisdiction. It had acquired jurisdiction when the original application for a habeas corpus order was brought before it. The procedure set forth in section 757 is intermediary; is not mandatory. An application to punish for contempt rests in part upon the papers which originate it. The infirmities and weaknesses of those papers are open for attack on the return day of that motion — when it first came on before this court. Failure by the respondent to object then worked a waiver. Maigille v. Leonard, 102 App. Div. 367, affd. 181 N. Y. 558." (Emphasis supplied.)
In the proceeding at bar, the court acquired jurisdiction of the respondent when it appeared and opposed petitioner’s original application for an order compelling respondent to serve the statement required by section 76 of the Lien Law. The subsequent motion instituted by the petitioner to hold respondent in contempt for its failure to comply with the prior order of the court directing service of the Lien Law statement, neither gave nor deprived the court of jurisdiction of the respondent. Considering the fact that the respondent, by its president, was personally served with notice of each step in the proceeding commenced by the petitioner, and that it was personally served with a copy of each order entered in such proceeding, the court is persuaded that justice and logic compel the adoption of the holdings of the decisions in the cases of Maigille v. Leonard (supra) and People ex rel. McCabe v. Shipley (supra) to the effect that the initiation of a contempt motion by notice of motion is a mere irregularity which may be waived. The right to waive *921 this defect rests with the respondent, W. ft. B. Holding Corporation, and not with the Sheriff of the City of New York.
The failure to comply with section 757 of the Judiciary Law renders the contempt order voidable but not void.
In Lang v. Dreyer (170 Misc. 207, 210) the court described the role of the Sheriff in the following language: “ Faced with the mandate of the Supreme Court, which had complete power to grant, modify and vacate an order of arrest, and finally pass upon bail, he was not bound to inquire into the proceedings leading up to the approval and the granting of this order, and was justified as a ministerial officer in obeying it according to its terms. To have done otherwise may have rendered him liable as and for a contempt of court. Nor had he the right to presume to act as a court of appellate jurisdiction to review the determination of this court. ”
Contempt is a drastic remedy. It will not be invoked in the absence of a willful intent to disobey a mandate of this court. There is no showing in the instant proceeding that the Sheriff of the City of New York willfully refused to accept and execute the order of commitment. His reliance on the advice of his counsel, although not valid, was reasonable under the circumstances in this case.
Accordingly, so much of the petitioner’s motion which relates to the punishment of the Sheriff of the City of New York for contempt is denied, but the Sheriff is directed to forthwith accept and execute the order of commitment upon the service of a copy of the order to be entered herein together with notice of its entry.