■ UNION FREE SCHOOL DISTRICT No. 7, TOWN OF GREENBURGH, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— AULISI, J. Appeal from a judgment of the Supreme Court at Special Term entered December 26, 1967 in Albany County, which granted a motion by defendants for summary judgment dismissing the complaint. In a related case recently before this court, we held that there was sufficient evidence to justify the Commissioner of Education's determination to merge Union Free School Districts No. 7 and No. 8 in the Town of Greenburgh, Westchester County (*Matter of Union Free School District No. 7, Town of Greenburgh* v. *Allen*, 29 A D 2d 608, mot. for lv. to app. den. 21 N Y 2d 644). Plaintiff now seeks a declaratory judgment that the special election called by the Commissioner to implement that merger by organizing a central school district was invalid. On August 1, 1967, plaintiff procured an order from the Supreme Court staying the election, which had been scheduled for August 5. The Commissioner on August 2 filed an affidavit of intention to appeal. On August 3, one of the Justices of this court issued an order to show cause why an appeal should not be allowed from the stay order. The order to show cause was returnable August 8: The election was held as scheduled on August 5 and the merger was approved. The motion for permission to appeal was dismissed on August 8 as moot. Plaintiff then brought this action for a declaratory judgment that the election was invalid because it was held in violation of the August 1 stay order. On October 13, 1967, a motion by defendants for summary judgment dismissing the complaint was granted. Special Term relied on CPLR 5519 (subd. [a], par. 1) which provides, in part: " Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where: 1. the appellant or moving party is the state * * * or any officer or agency of the state ". The clear meaning of this section, as amended (L. 1965, ch. 744), imposes a statutory stay on all proceedings when the appellant is the State or, as here, ·an officer of the State (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5519.03; *Hacker* v. *City of New York*, 25 A D 2d 35, 37; *Matter of Martin* v. *Brienger*, 25 A D 2d 763). Although defendants' legal rights under CPLR 5519 (subd. [a]) might have been pursued somewhat differently and in a somewhat different atmosphere, the Commissioner's associate counsel chose to enforce them as he did; and the statute in its present amended form, although legitimately characterized as " most unfortunate " (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5519.03, p. 55–126), supports his actions. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.