Thomas E. Morrissey, Jr., J.
In a proceeding to modify an amended separation decree dated March 21, 1956 to increase the award of alimony, the plaintiff wife makes this motion: (a) for relief purusant to CPLR 3126 for failure of the defendant to appear pursuant to an order which directed him to submit to an oral deposition; and (b) to punish the witnesses Sylvia De Grhuee (also known as Sylvia DeGray) and Robert Sloan Sportswear, Inc., for contempt of court for having failed to appear as directed in said order.
The relevant facts are as follows: The plaintiff made a motion, which was opposed by the defendant, for an order modifying an amended separation decree to increase the award of alimony. The motion was granted and an order was made on May 3, 1966 increasing the alimony from $135 to $150 per week. The plaintiff appealed from the order. The Appellate Division, Second Department, by an order made on December 29, 1967, modified the order appealed from by striking out the increase of alimony and directed that the motion be remitted to Special Term “ (1) for a plenary hearing as to the present financial resources and needs of the parties and all other facts relevant to whether any increase of alimony is warranted and, if so, in what amount, and (2) for the purpose of making a determination de novo, on the basis of all the proof adduced, of plaintiff’s motion insofar as it is to increase alimony ”. (29 A D 2d 571.) Other provisions of the order are not material.
The plaintiff then moved for an order directing the defendant, Sylvia De Grhuee and Robert Sloan Sportswear, Inc., to submit to a deposition upon oral questions prior to the hearing on plaintiff’s motion for an order increasing her alimony award. The court determined that special circumstances were involved, granted the motion and made an order on April 8, 1968 directing that the said examination be held on April 12, 1968 as to the defendant and Sylvia De Grhuee and the corpora *656 tion on April 15, 1968. A copy of the order was served on the defendant’s attorney. Neither the defendant nor the witnesses appeared for the examination.
Subsequently it was agreed between the attorneys for the plaintiff and the defendant that the examination be held on July 17,1968 (the defendant’s attorney stated that he was leaving the country). However the defendant’s attorney stated that he did not represent the witnesses and could make no arrangements for their appearances. The defendant then made a cross motion to reduce the alimony payable to the plaintiff. Accordingly on June 4, 1968 the plaintiff moved for an order resettling the order of April 8, 1968 to reschedule the dates for the examination of the defendant and the witnesses. Notice of this motion was served on defendant’s attorney on May 20, 1968 and personally on the witnesses on May 21, 1968. The motion was granted and an order made on June 20, 1968 directing that the examination of the witnesses be held on June 26, 1968, and the defendant on July 17, 1968. Copies of the order were served personally on Sylvia De Ghuee and Robert Sloan, president of Robert Sloan Sportswear, Inc., on June 21, 1968 and by mail on defendant’s attorney on June 20, 1968. Again neither the defendant nor the witnesses appeared on the dates provided for in the resettled order. On July 16, 1968, one day before the examination, the plaintiff’s attorneys. received a letter from defendant’s attorney in which the latter stated “ to my surprise on my return from overseas Mr. Sloan was not available and he is out of the State.”
The court considers first that part of plaintiff’s motion which requests that penalties be imposed upon the defendant pursuant to CPLR 3126 for failure to comply with the order to disclose. The first order was served on his attorney and he failed to appear. It was, therefore, agreed that his examination be held on a specific date requested by his attorney. The resettled order containing the agreed upon date was likewise served on his attorney. The defendant is chargeable with knowledge of both orders and CPLR 3126 clearly applies. The “ surprise ” of his attorney that defendant was out of the State furnishes no excuse. The claim of the defendant that he left the State on the advice of his doctor is not supported by any statement from the doctor. The court finds that the defendant has failed to obey the order for disclosure.
The basis of the decision of the Appellate Division was “ In our opinion, the conflicting affidavits submitted by the parties are insufficient to support a proper determination on the merits of plaintiff’s motion insofar as it is for an increase of alimony ”. *657 (29 A D 2d 571.) Under the circumstances this court does not deem it proper to resolve the issues in accordance with the plaintiff’s claims, nor to strike out all of the papers submitted by defendant in opposition to plaintiff’s motion and in support of his cross motion, as requested by plaintiff. The defendant is prohibited from presenting evidence in support of his cross motion for a reduction in the alimony provision in the amended decree of separation and in opposition to plaintiff’s motion unless the defendant submits to an examination on September 18, 1968 at 11:00 a.m. at Special Term, Part II of this court.
The court considers next that part of plaintiff’s motion made pursuant to CPLR 5104 and sections 750 and 753 of the Judiciary Law to punish the witnesses for contempt of court. Involved here is a civil contempt. An order may be enforced by service thereof on the party or person required to obey it, and if he refuses or willfully neglects to obey it, may be punished for contempt of court (CPLR 5104). The section, however, does not prescribe the procedure to punish for contempt, and the proceeding is governed by article 19 of the Judiciary Law (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5104.12). The Judiciary Law (§§ 757, 761) provides that an application to punish for contempt may be commenced by an order to show cause or by a warrant of attachment.
The plaintiff has proceeded by notice of motion. The preliminary question is whether a proceeding to punish for contempt for failure to obey a disclosure order which is commenced by a notice of motion instead of order to show cause is a defect that is jurisdictional or a mere irregularity which may be waived. The cases on this point are in conflict. It has been held that a proceeding to punish for contempt instituted by notice of motion is void for lack of jurisdiction (West Hudson County Trust Co. v. Waldron, 119 App. Div. 294; Johnson v. Ackerman, 192 App. Div. 890; Dunlop v. Mulry, 40 Misc. 131). Other cases hold that it is a mere irregularity which may be waived (Maigelle v. Leonard, 102 App. Div. 367, affd. 181 N. Y. 558; People ex rel. McCabe v. Shipley, 47 N. Y. S. 2d 478; Matter of Calabro Constr. Corp. v. W. R. B. Holding Corp., 48 Misc 2d 918). “ The provisions of section 757 of the Judiciary Law are directory and not mandatory ” (Matter of Calabro Constr. Corp. v. W.R.B. Holding Corp., supra, p. 920).
Proceedings to punish for contempt in matrimonial actions appear to occupy a special status. 1 ‘ There are several specific provisions in the Consolidated Laws dealing with punishment for contempt that may take precedence over CPLR in a given *658 case. Thus for example, the Domestic Relations Law contains a provision for use of the specific sanction against a spouse who has failed to pay a sum of money pursuant to a judgment in a divorce, separation or annulment action.” (5 Weinstein-KornMiller, N. Y. Civ. Prac., § 5104.07. Italics supplied.) The great weight of authority is that a proceeding to punish for contempt pursuant to section 245 of the Domestic Relations Law, must be initiated by an order to show cause and the failure to do so is a jurisdictional and fatal defect (Stewart v. Stewart, 127 App. Div. 724; Schenker v. Schenker, 58 N. Y. S. 2d 167; Coalson v. Coalson, 58 N. Y. S. 2d 166; Manzell v. Manzell, N. Y. L. J., Aug. 2, 1965, p. 11, col. 7; 2 Foster and Freed, Law And the Family, New York, § 25:26). The order to show cause will be denied unless it presumptively appears that payment cannot be enforced by means of sequestration or resorting to the security, if any, given as prescribed by the statute (Domestic Relations Law, § 245; Taliaferro v. Taliaferro, 171 N. Y. S. 25). The Legislature, by enacting section 245 of the Domestic Relations Law, relating to matrimonial actions intended that it should be exclusive and hence it must be instituted by order to show cause (Stewart v. Stewart, supra, p. 726). But orders in matrimonial actions that do not order the payment of a sum of money would be within the scope of CPLR 5104 (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 5104.09).
This court, therefore, concludes that a motion to punish for contempt pursuant to section 245 of the Domestic Relations Law, must be instituted by an order to show cause. Motions to punish for contempt pursuant to CPLR 5104 should be commenced by an order to show cause (Judiciary Law, §§ 757, 761). If the objection that the proceeding has been brought on by notice of motion is raised at Special Term, the motion should be denied; otherwise, absent any objection, it is a mere irregularity that is waived. Here no objection to the notice of motion has been raised and it is, therefore, waived.
The court notes that section 245 of the Domestic Relations Law expressly provides that personal service of an uncertified copy of the order shall be sufficient. CPLR 5104 calls for service of a certified copy of the judgment or order. The objection of lack of certification not having been raised must, therefore, be deemed to have been waived.
The present motion papers in this proceeding appear to have been served by mail upon the witnesses. Section 761 of the Judiciary Law provides that an order to show cause is the equivalent to a notice of motion, and shall be served upon the accused, unless service upon the attorney for the accused be *659 ordered by the court. There is no requirement that personal service be effected (Rothenberg, Matrimonial Allowances in New York, [rev. ed.], § 81, p. 347). In Smith v. Smith (N. Y. L. J., Jan. 13, 1953, p. 127, col. 6), service of the order to show cause by mail was sustained, unlike Stark v. Kessler (277 App. Div. 1122) where the order to show cause specifically required personal service.
Passing to a consideration of the merits, there are attached to the moving papers affidavits showing personal service on the witnesses of the orders entered on April 8, 1968 and June 20, 1968. The attorney for the witnesses submits an affidavit in which he states that he has been informed that they were not served personally with the order made on June 26, 1968. It is not alleged that the instant motion papers were not received. No reason is given why the affidavit is not made by the persons involved. An affidavit of an attorney without personal knowledge of the facts is defective and insufficient (Wick v. Cornrich Beverages, 27 A D 2d 595; Grace v. Town of East Hampton, 20 A D 2d 788; Israelson v. Rubin, 20 A D 2d 668, affd. 14 N Y 2d 887). Therefore, the opposing affidavit does not present such a conflict with respect to the issue of personal service of the order as would require a hearing (Stark v. Kessler, supra).
The court finds that the witnesses refused and willfully neglected to obey the order of this court, and that such neglect or violation of duty and failure to appear defeated, impaired, impeded and prejudiced the rights of the plaintiff. “ A party who willfully refuses to obey an order of the court for his examination before trial on material matters is guilty of suppression of evidence. (Feingold v. Walworth Bros. Inc., 238 N. Y. 446; People v. Henriques & Co., 267 id. 398.) ” (Ricker v. Daniels, 263 App. Div. 584, 585.)
Accordingly the witnesses Sylvia De Ghuee, also known as Sylvia DeGay, and Robert Sloan Sportswear, Inc., by Robert Sloan, its president, are in contempt but may purge themselves by appearing for examination on September 19, 1968 at 10:00 a.m. and 2:00 p.m., respectively, at Special Term, Part II of this court. Motion disposed of as indicated.