Bertram Harnett, J.
The State of New York is a tough litigating foe. This case is in point.
On July 23, 1971, the court enjoined the State of New York, its agents and employees, from interfering with peaceful picketing by former lifeguard employees of the Long Island State Park Commission. (Byrne v. Long Is. State Park Comm., 66 Misc 2d 1070.) A certified copy of that order was delivered to the office of the Attorney-General on July 23, 1971 at 3:00 p.m. At *1085 3:30 p.m., the State deposited a copy of a notice of appeal in the U. S. mail. The attorney for Mr. Byrne, head of the lifeguards’ union, was promptly notified by telephone that the notice had been mailed to him, although he claims he did not actually receive the mailed notice until July 28,1971.
In the interim between the mailing of the notice of appeal and its receipt by the attorney, State officials refused to permit picketing within the scope of the July 23,1971 order, and threatened to arrest any pickets. Mr. Byrne is now seeking by notice of motion filed August 26,1971 to hold the State and the Attorney-General in contempt of court for failure to comply with the July 23, 1971 order. The State opposes the requested relief both on the merits and on the ground that Mr. Byrne has improperly proceeded by notice of motion rather than by order to show cause.
Section 757 of the Judiciary Law, under which Mr. Byrne has made this application, requires that a motion to punish for contempt be instituted either by order to show cause or by warrant of attachment. The courts have on several occasions considered the validity of contempt proceedings initiated by ordinary notice of motion, and while some cases have held that the defect is jurisdictional (see West Hudson County Trust Co. v. Waldron, 1.19 App. Div. 294; Johnson v. Ackerman, 192 App. Div. 890), the weight of authority is that the defect is an irregularity which may be waived. (Maigille v. Leonard, 102 App. Div. 367, affd. 181 N. Y. 558; Sloan v. Sloan, 57 Misc 2d 654; Matter of Calabro Constr. Corp. v. W.R.B. Holding Corp., 48 Misc 2d 918; People ex rel. McCabe v. Shipley, 47 N. Y. S. 2d 478.) In either event, it is clear that where the defect is present and is not waived, the court may not grant the requested relief. {Maigille v. Leonard, supra.) In the instant litigation, the State has timely asserted the defect in opposition to the motion. Since it has effected no waiver, the motion must therefore be denied.
The court would ordinarily be constrained, under circumstances of importance such as those at bar, to grant leave to renew this application upon proper papers. However, to do so in this case would serve no useful purpose, for Mr. Byrne could not succeed on the merits either.
CPLR 5519 (subd. [a]) is explicit that: “ Service upon the adverse party of a notice of appeal * * * stays all proceedings to enforce the judgment or order appealed from pending an appeal * * * where: 1. the appellant * * * is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state ”.
*1086 Under CPLR. 2103 (subd. [b], par. 2), the notice of appeal was deemed served on July 23,1971 at 3:30 p.m. when it was deposited in the mail. The provisions of CPLK 5519 became technically operative at that point, although physical delivery of the papers was not completed until July 28, 1971. (See Hacker v. City of New York, 25 A D 2d 35; 26 A D 2d 400, affd. 20 N Y 2d 722, cert, den. 390 U. S. 1036.) It is difficult to conceive of a court imposing sanctions on account of action taken before receipt of service, but that point is not before us.
Mr. Byrne contends that the statutory stay is inapplicable to injunctive relief directed by the court, and cites as authority the 1898 decision of the Appellate Division, Second Department, in New York Mail & Newspaper Transp. Co. v. Shea (30 App. Div. 374). In that case a municipal official had been enjoined by the lower court from interfering with certain acts by the plaintiff, and an appeal was taken. During the pendency of the appeal, the official violated the injunctive provisions. The Appellate Division held that the official’s conduct was a contempt of the court order, but declined to punish because the statute (Code Civ. Pro., § 1314) provided an automatic stay only against “ execution of the judgment or order appealed from ”, This precedent is not now controlling because the present statute contains broader language extending the stay to “ all proceedings to enforce the judgment or order appealed from” and not only ‘ ‘ execution of the judgment ’ ’. Execution is a money concept and not applicable to injunctive enforcement by contempt proceeding.
This result is supported by the recent opinion of the Appellate Division, Third Department, in Union Free School Dist. No. 7 v. Allen (30 A D 2d 629 [1968]) in which the court held that an order staying an election scheduled by the Commissioner of Education was itself suspended during the pendency of an appeal by the Commissioner. As the court there noted: ‘ ‘ The clear meaning of [CPLR 5519, subd. (a), par. 1] imposes a statutory stay on all proceedings when the appellant is the State or * * * an officer of the State (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5519.03; Hacker v. City of New York, 25 A D 2d 35, 37; Matter of Martin v. Brienger, 25 A D 2d 763). Although [the State’s] legal rights under CPLR 5519 (subd. [a]) might have been pursued somewhat differently and in a somewhat different atmosphere, [the State’s counsel] chose to enforce them as he did; and the statute in its present amended form, although legitimately characterized as ‘ most unfortunate ’ (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5519.03, p. 55-126), supports his actions ”. (30 A D 2d at p. 629.)
*1087 Mr. Byrne’s remedy, which he did not take, was to apply to the Appellate Division pursuant to CPLR 5519 (subd. [c]) to vacate the statutory stay.
In this case, the State was apparently protected in its conduct by the staying action of CPLR 5519 (subd. [a]), and accordingly is not guilty of contempt. Mr. Byrne was free to go to the Appellate Division for relief, or, if he thought the issue was so patently clear against the State, to test the matter promptly in this court, but he chose neither. The labor dispute was settled shortly after the court’s injunction order. A long and bitter dispute was settled by mutual understanding. It is better that it stay that way.
Accordingly, the court will deny the requested relief, with prejudice and without leave to renew upon proper papers, and without costs and disbursements.