OPINION OF THE COURT
Edward H. Lehner, J.
Plaintiff obtained a default judgment on October 24, 1980 for civil penalties pursuant to section D26-51.01 of the Administrative Code of the City of New York in the amount of $59,770 against both defendants. By order dated June 11,1981, Housing Court Judge Trussed set aside the judgment as to the defendant Austern on condition he obtain a bond in the amount of $5,000. By notice of motion dated July 16, 1981 said defendant requested the opportunity to post alternative security in the form of a savings bank deposit with a withdrawal slip signed in blank delivered to his attorney, copies of which were attached to the moving papers. Plaintiff does not object to the substitution of the cash undertaking, but .claims that because it filed a notice of appeal on July 20 from the said order of Judge Trussed, the court has no authority under the stay provisions of CPLR 5519 (subd [a], par 1; subd [f]) *390 to take any action on the motion. No authority was submitted to support such position.
This motion was not referred to Judge Trussel because he was on vacation when submitted and because the decision herein only relates to a statutory interpretation that will not in any way interfere with his continuing jurisdiction of the building under subdivision (c) of section 110 of the New York City Civil Court Act.
THE RELEVANT STATUTE
CPLR 5519 (subd [a], par 1; subd [f]) read as follows:
“(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
“1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state ***
“(f) Proceedings after stay. A stay of enforcement shall not prevent the court of original instance from proceeding in any matter not affected by the judgment or order appealed from or from directing the sale of perishable property.”
plaintiff’s position
Plaintiff, as an agency of the government of the City of New York, claims that on filing its notice of appeal from the order which conditionally vacated the judgment, the vacatur is stayed and the judgment remains in full" force and effect and can even be executed on by plaintiff unless defendant posts security or obtains an order of the Appellate Term. Plaintiff further claims that in light of such stay, the court that made the order appealed from has no authority to amend it.
ANALYSIS
In his commentaries in McKinney’s, Professor David D. Siegel states that the stay under section 5519 is “designed to prevent the winner of the judgment or order below from *391 enforcing it while the loser prosecutes an appeal.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C5519:l, p 184.) In Grant v Metropolitan Transp. Auth. (96 Misc 2d 683, 686), it was stated that the purpose of CPLR 5519 (subd [a], par 1) “is to stabilize the effect of an adverse determination to a political subdivision of the State”.
Here plaintiff is seeking to use as a sword a section that was designed to be a shield to protect a governmental entity against enforcement pending appeal of an adverse determination of a lower court. By claiming that Judge Trussel’s order is stayed and that plaintiff therefore has the right to enforce the judgment, plaintiff is saying that if defendant’s property is to be free from execution pending plaintiff’s appeal, defendant should post the security he would be required to deposit in the event he had lost the motion to vacate the judgment. To make the winning party act as if he were the losing party on the order being appealed from is hardly in accord with the intent of the statute.
The section stays proceedings to “enforce” the judgment or order appealed from. Defendant is obviously not seeking enforcement of an order. He only desires the protection of an order, which I find was not lost by the filing of the notice of appeal by plaintiff.
Thus, since the order of vacatur was not stayed, I consequently find that I have the authority to allow defendant Austern to post the alternative security.
Settle order on three days notice permitting substitution of security as requested by defendant in the moving papers.