OPINION OF THE COURT
Herbert Kramer, J.
What is the continuing effect of an order stayed pursuant to CPLR 5519?
The Department of Housing Preservation and Development (hereinafter HPD) commenced an action in Housing Court to enforce certain housing standards at 135 Eastern Parkway, Brooklyn, New York, in which a 7-A administrator was appointed.
After extensive proceedings for the better part of a year, including several evidentiary hearings in which testimony was elicited that essential building services could not be maintained, this court entered an order dismissing the proceeding and enjoined all future actions between the parties for the enforcement of housing standards except with prior permission of this court. A notice of appeal was *373 served by the Department of Housing Preservation and Development.
Subsequent thereto, the instant action was commenced for the same or similar relief as the original action and in violation of this court’s original order.
The tenants and HPD argue that the mere filing of the notice of appeal stayed the injunction and permitting HPD to proceed in any fashion without being subject to contempt of court. They further indicate that this court is without power to vacate the stay of the earlier order (Byrne v Long Is. State Park Comm., 67 Misc 2d 1084; Gerard v Barry, 92 Misc 2d 957).
The result reached by the court in the Byrne case (supra) and possibly in the Gerard case (supra) views the effect of the statutory stay of the court order as the vacation of that order. Those courts viewed the effect of the stays in the same vein as if the court below had never entered any order.
CPLR 5519 stays all proceedings to enforce the judgment or order pending appeal where the appellant is the State or = a political division thereof. CPLR 5519 does not, by its terms, speak to the vacation of an order, but rather, staying its enforcement (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.01; cf. Department of Housing Preservation & Dev. v Austern, 110 Misc 2d 389). To hold that the effect of the automatic stay provisions would vacate the order and treat it as a nullity instead of suspending its effect has led to pernicious results.
Our historic view of government is suspicious of overreaching by the executive branch. In this case, with deliberate knowledge and after a series of hearings and a great expenditure of court time, a second action was commenced. The executive branch believes that this stay, and not a reversal of the court’s decision by a higher appellate court, nullifies the lower court’s determination. Where can the extension of that principle lead?
In Byrne v Long Is. State Park Comm, (supra), the court held that the State was rightfully entitled to continue to interfere with peaceful picketing until the stay was lifted by an appellate court, a result disapproved by the author *374 (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.03). This court also specifically disapproves of any perception that the stay is the vacating of the original decision.
The stay merely holds the parties to the status quo pending appeal. It prohibits either side, absent appellate action, from enforcing the court’s order. However, the lower court order survives, until overturned, as the law of the case and remains binding until overturned (New York Mail & Newspaper Transp. Co. v Shea, 30 App Div 374). For all purposes it continues to exist; is binding but cannot be enforced (Union Free School Dist. No. 7 v Allen, 30 AD2d 629).
It should be noted that in most of the cases in this area, the State eventually prevailed. In cases where it will not, the violation of the original order may be a predicate for a malicious prosecution action, contempt or other action.
Thus, having determined that the filing of the notice of appeal does not undermine this court’s original order, this court holds that the petitioner has violated same. However, this court is enjoined from enforcing its original order. Thus it does not have the power to dismiss a second action brought in violation of the first decision. This court is limited to staying this action coterminus with the stays imposed by the service of this and any further notice of appeal.