■ In the Matter of JOHN N. PRUDENTI, Respondent, v TOWN BOARD OF THE TOWN OF BROOKHAVEN et al., Respondents, and LONG ISLAND PINE BARRENS SOCIETY, INC., Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Chief Building Inspector of the Town of Brookhaven Building Department to issue building permits for the erection of one-family residences on the petitioner's premises, the intervenor Long Island Pine Barrens Society, Inc., appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered November 26,

1990, which granted the petition to the extent of directing the Chief Building Inspector to entertain the petitioner's applications for building permits.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The question presented before us is whether the Chief Building Inspector is stayed from entertaining the subject applications for building permits while the underlying decision of the Planning Board of the Town of Brookhaven, granting plat approval, is being challenged. We hold that the Chief Building Inspector is so stayed.

Town Law § 282 provides in pertinent part that, "[a]ny person * * * aggrieved by any decision of the planning board concerning such plat * * * may have the decision reviewed by a special term of the supreme court in the manner provided by article seventy-eight of the civil practice law and rules * * * *Commencement of the proceeding shall stay proceedings upon the decision appealed from*" (emphasis added). The appellant commenced such a proceeding pursuant to CPLR article 78 against the Planning Board of the Town of Brookhaven, alleging in part that the planning board improperly granted plat approval to the petitioner herein. After the commencement of the intervenor's proceeding, the petitioner applied for building permits. The Chief Building Inspector of the Town of Brookhaven refused to entertain those applications, citing the stay provision of Town Law § 282. In a memorandum decision, the Supreme Court held that the granting or denying of a building permit was a ministerial duty and that the performance of such duties did not constitute "proceedings upon the decision [granting plat approval] appealed from". It thus concluded that Town Law § 282 did not operate to stay the Chief Building Inspector from entertaining the building permit applications.

The question of whether Town Law § 282 stays the Chief Building Inspector from entertaining the subject applications for building permits does not turn upon whether the issuance of such permits is a "ministerial act". The statute's plain language *(see generally,* McKinney's Cons Laws of NY, Book 1, Statutes § 94) does not call for such a distinction. Rather, the answer turns upon whether entertaining the applications effectuates or "proceed[s] upon" the Planning Board's decision. A common sense reading of the statute demands such a conclusion *(see generally,* McKinney's Cons Laws of NY, Book 1, Statutes § 94). Plainly, the issuance of building permits "proceed[s] upon" the underlying plat approval. Thus, Town

Law § 282 stays the Chief Building Inspector from entertaining the subject applications for building permits. Thompson, J. P., Sullivan, Miller and Copertino, JJ., concur.