OPINION OF THE COURT
Anthony A. Scarpino, Jr., J.
This is a CPLR article 78 proceeding wherein petitioners seek vacatur of certain building permits issued by the respondent Building Inspector Vincent Masucci. The respondents oppose the petition. The petition is denied and the proceeding dismissed.
This is the third in a series of article 78 proceedings brought by petitioners challenging various administrative determinations made in connection with Hickory Pine’s proposed subdivision and development of a 400-acre tract of land located in the Purchase section of Harrison. For the sake of convenience, these actions have been referred to as petition I, petition II, and petition III. Petition I challenged preliminary subdivision, site plan, environmental, and special use permit determinations. Petition I was denied and dismissed (decision and order, dated Aug. 16, 1993). On reargument, the decision was modified slightly and, as modified, confirmed (decision and order, dated Feb. 16, 1994). Petition II challenged final subdivision and site plan approvals. With the exception of one or two triable issues of fact, petition II was denied and dismissed (decision and order, dated Apr. 7, 1994). The triable issues were remitted to the Trial Assignment Part for hearing and disposition.
In the instant proceeding (petition III), petitioners claim that respondent Masucci issued building permits to respondent Hickory Pine subsequent to and in violation of the automatic stay provision contained in Town Law § 282. They contend that upon filing petition II at the Westchester County Clerk’s office, the proceeding was "commenced” (see, CPLR 304), and upon commencement of the proceeding, the respondent was automatically stayed from issuing the building permits at issue herein (see, Town Law § 282; Matter of Prudenti v Town Bd., 176 AD2d 884).
*361 Respondents contend that no stay can be effective absent either service of process or at least some form of notice to the body, officer, or agency sought to be stayed. They argue that the building permits were issued prior to the time petition II was filed, and in any event, prior to the time they received notice or service of petition II.
The interrelationship between the "commencement-by-filing” rule contained in CPLR 304, as recently amended, and the "automatic stay upon commencement” rule contained in Town Law § 282, presents an apparent issue of first impression, to wit, can an automatic stay pursuant to Town Law § 282 be effective against a municipality without prior notice or service? This court holds that the automatic stay provided in Town Law § 282 cannot effectively bind a municipality until notice of the commencement of an action is served or otherwise effectively communicated to such municipality (see, e.g., Byrne v Long Is. State Park Commn., 67 Misc 2d 1084).
In the instant case, petitioners’ attorney alleges that she filed petition II at or before 9:15 a.m. on September 15, 1993, and within 10 minutes thereafter, telephoned Lucille Aubel, secretary to the Planning Board and advised her of the commencement of the action. The respondents allege, by affidavit of Lucille Aubel, that she received a call from petitioners’ attorney between 9:30 a.m. and 9:40 a.m., and that upon receipt of the call, Building Inspector Masucci was immediately notified that an action had been commenced. The affidavit of Vincent Masucci indicates that at the time he received the message, he had already issued the building permits to respondent Hickory Pine.
While there may be uncertainty as to precisely what time notice was provided and the permits issued, the exact timing is not material to the court’s determination. The critical issue is whether the building permits were issued before or after notice was provided. Petitioners’ contention that notice was received prior to issuance is not supported by any evidence contained in this record, and is wholly speculative. On the other hand, the sworn affidavits of Aubel and Masucci, based upon their firsthand knowledge, provide consistent and compelling evidence that the notice was received after the permits had been issued. Under these circumstances, no triable issue of fact warranting a hearing exists (see, Matter of Pickett v Town of Tusten Zoning Bd. of Appeals, 169 AD2d 906).
*362 Petitioners also contend that the building permits were issued in violation of selected provisions of the Town of Harrison Subdivisions Regulations and Zoning Ordinance. Upon review of the record, the court finds their contentions to be without merit. The date and time of filing of the final subdivision map has been established by affidavit of Thomas DeCaro and by a copy of a time-dated receipt from the County Clerk indicating that such map was filed at 9:06 a.m. There is also documentary evidence and affidavits establishing that the site plan approval and supporting documentation were officially transmitted to the building inspector prior to the issuance of the building permits. The permits at issue did not involve residential building construction, and therefore, there was no necessity for Architectural Review Board involvement (see, Zoning Ordinance § 235-65 [a]). Finally, petitioners’ contention that the Hickory Pine plans did not show all "single trees with a diameter of eight (8) inches or more, measured three feet above the base of the trunk” has been previously considered and rejected in petition I, the motion to reargue petition I, and petition II.
In accordance with the foregoing, the petition is denied and the proceeding dismissed.