OPINION OF THE COURT
John R. LaCava, J.
Respondent ALS Northeast, L. L. C. (ALS), as the contract vendee of certain real property situated in the Town of Poughkeepsie and owned by Vassar College, plans to construct a 79- *674 bed, 66,671-square-foot health care facility for disabled and handicapped elderly citizens, and a 52-bed health care facility for persons with impaired memories in a 32,420-square-foot building. These two facilities will be situated on two separate lots totaling approximately 12.1 acres. An 11.6-acre proposed third lot will be maintained by Vassar College, which has no immediate plans to develop it.
On January 11, 1999, by way of separate applications, ALS applied to respondent Planning Board of the Town of Poughkeepsie (the Board) for site plan and subdivision approval. Addressing the site plan application first, the Board granted “preliminary site plan”* approval on January 28, 1999. On February 18, 1999, the Board granted final subdivision approval. That determination is being challenged in this proceeding by the petitioning neighboring property owners. As a consequence, all “proceedings upon the [subdivision application] decision appealed from” are stayed (Town Law § 282). The novel issue now presented is whether the automatic stay provision of section 282 of the Town Law also stays planning board review of a site plan application (Town Law § 274-a) of the same project. The court concludes that is does not.
Relying upon section 282, petitioners applied to the court, by way of order to show cause, to stay the Board’s scheduled March 25, 1999 consideration of the final site plan application or, more appropriately, the Board’s final consideration of the site plan application. Upon according all parties the opportunity to be heard, and upon so hearing them during oral argument presented in the forenoon of March 25, 1999, the court stayed further Board action of the site plan application pending full submission of this application and the court’s determination.
Having reviewed the submissions, the court concludes that the stay provision of section 282 of the Town Law does not apply to the Board’s consideration of ALS’s site plan application. A planning board’s entertainment of a site plan application is not, by statute or State regulation, contingent upon subdivision approval, and there is no such local requirement in the Town of Poughkeepsie. The opposite is also true, i.e., one need not first obtain subdivision approval before having its site plan application considered. “[Subdivision plat approval and site plan approval [are] two different concepts” (Moriarty v Plan *675 ning Bd., 119 AD2d 188, 191 [2d Dept 1986], lv denied 69 NY2d 602 [1987]; see also, 2 Rathkopf, Law of Zoning and Planning § 30.04, at 30-13—30-14 [4th ed]). As such, a planning board’s consideration of a site plan application does not effectuate or “proceed upon” a previously approved subdivision application, especially where, as here, the record reflects that the separately yet simultaneously submitted site plan and subdivision applications were considered independent of one another. The situation herein present is distinguishable from that in Matter of Prudenti v Town Bd. (176 AD2d 884, 885 [2d Dept 1991]), wherein the Court held, “Plainly, the issuance of building permits ‘proceed [s] upon’ the underlying plat approval.” While, in addition to proceeding upon subdivision plat approval (see, Matter of Prudenti v Town Bd., supra), a building permit may also “proceed upon” site plan approval, that does not mean that such a relationship exists as between the site plan and subdivision plat applications.
Finally, one cannot ignore the absence of a section 282-like stay provision in Town Law § 274-a (see, Kamhi v Town of Yorktown, 74 NY2d 423, 429 [1989] [absence of language in Town Law § 274-a as compared to Town Law § 277 prohibits the implication of such power]; Nyack Hosp. v Village of Nyack Planning Bd., 231 AD2d 617 [2d Dept 1996] [failure of Legislature to include approval-by-default provision for site plan applications, as compared to Town Law § 276 (8) “is strong indication that such exclusion was intended”]). This is especially so when considering the fact that there is no prohibition on applying for and receiving site plan approval before subdivision approval.
Based upon the foregoing, the court’s March 25, 1999 stay is hereby vacated and petitioners’ application to stay any further Planning Board consideration of ALS’s subdivision application is denied with leave, of course, to the bringing of any timely and otherwise appropriate challenge to the Board’s final determination. The underlying challenge to the site plan application will proceed in due course.

 The fact that site plan approval in the Town of Poughkeepsie is not divided into “preliminary” and “final” approval stages is irrelevant to a determination of the issues presented.