CHARLES P. GILMORE, Appellant, v. LAWRENCE DEWITT and CARRIE DEWITT, Respondents.— Order so far as appealed from reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: Upon an appeal by the plaintiff from an order of the Oswego County

Court vacating a default judgment against the defendants rendered by the City Court of the City of Oswego in plaintiff's favor, it appears that defendants' motion to open the default was made in the first instance in County Court eight months after the rendition of the City Court judgment from which no appeal to the County Court had been taken. The procedure for setting aside a default judgment rendered by the City Court of Oswego is governed by section 42 of chapter 747 of the Laws of 1933, which authorizes a City Court judge to open a default upon such terms as may be just but only in the event the application " * * * shall be made within twenty days from the entry of such judgment." The same section further provides that " Parties moving in the County Court to open default or obtain a new trial in said City Court in cases where a motion might have been made in said City Court, as in this section provided, shall show that no application was made in the said City Court." It is thus made clear by the statute that the jurisdiction of the Oswego County Court to open a default judgment rendered in the Oswego City Court is limited to " * * * cases where a motion might have been made in said City Court, as in this section [§ 42] provided," viz., within twenty days after the entry of the default judgment. As defendants' application to the County Court to open the default herein was not made until eight months after its rendition in City Court, the County Court was without jurisdiction to make the order from which this appeal is taken. We have not overlooked the fact that a transcript of the default judgment here in question was filed in the Oswego county clerk's office. Such filing, however, does not make the judgment of the City Court a judgment of the County Court for the purpose of enabling the County Court to vacate the same. It is but a step in aid of the enforcement of the judgment. (See *Dieffenbach* v. *Roch,* 112 N. Y. 621; *Quackenbush* v. *Johnston,* 249 App. Div. 452, 453, 454, and cases there collated.) We thus find it unnecessary to consider the various other matters bearing upon the default which briefs of counsel have brought to our attention. All concur. (The portion of the order appealed from vacates a judgment in favor of plaintiff and directs plaintiff to serve his complaint upon defendants in an action to recover for legal services.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.