Mask A. Costantino, J.
Relator seeks to punish defendant wife for contempt.
A habeas corpus proceeding was heretofore instituted by relator against the defendant to secure visitation rights with respect to their two infant children. After a hearing, an order was issued out of this court wherein it was provided that the relator should have the temporary custody of the children on each Saturday during certain specified hours. The decision on the writ was made at the termination of the hearing in the presence of the parties and later such decision was embodied in a formal order. It does not appear from the papers whether or not the defendant was served with the formal order but it cannot be denied that she had knowledge of the terms thereof, nor does she deny such knowledge. Subsequent to the decision defendant went to Florida, taking the children with her, and has since remained there, thus depriving relator of the right of visitation and temporary custody, as ordered.
The order to show cause on this motion to punish for contempt provides for service upon defendant by certified mail at her address in Florida and directed her to show cause before this court why she should not be adjudged guilty of a willful contempt. Service was made as directed but defendant failed to appear on the return day. However, an appearance on her behalf is made by an attorney who states he “ is not the attorney for the defendant,” and a memorandum of law is submitted by said attorney in which he sets forth that, “ Since no papers in this case have been served on the writer of this brief and he has received none from Florida the court will understand that the appearance made herein is a special appearance to contest the jurisdiction of the court”. Nevertheless, said attorney’s affidavit in opposition to the motion seeks to argue the merits of the determination made in the habeas corpus proceeding. Aside from the fact that the affidavit cannot be based upon the personal knowledge of the affiant or at least it fails to so state and no affidavit in support thereof is submitted by the defendant, the determination in the habeas corpus proceeding may not be inquired into on this motion. Such determination should have been tested by defendant by way of an appeal therefrom if such defendant felt aggrieved thereby.
Defendant’s contention that since she no longer resides in nor has her domicile in New York, service of the order to show cause herein by mail in Florida confers no jurisdiction on this *103 court, is untenable. The remedy of habeas corpus is a civil special proceeding. (People ex rel. Curtis v. Kidney, 225 N. Y. 299.) The writ in this special proceeding, like a summons in an action, is the process by which jurisdiction is obtained. (21 Carmody-Wait, New York Practice, p. 19, § 8.) While the language in Bidder v. Bidder (175 Misc. 84) had application to an action, the same reasoning and determination is applicable to a special proceeding. In that case the court held that jurisdiction over the person of the defendant was acquired when he was served with a summons in this State or voluntarily appeared in the action and that jurisdiction extends to every matter embraced within and properly incidental to the cause of action asserted in the complaint and is not defeated by the defendant’s subsequent removal from the State, whether the removal be temporary or permanent, citing Michigan Trust Co. v. Ferry (228 U. S. 346) wherein the court at page 353 said: ‘ ‘ Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign’s pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to Article IV, § 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of a State to bind him by every subsequent order in the cause.”
Section 761 of the Judiciary Law provides that an order to show cause in a civil contempt proceeding is equivalent to a notice of motion and provides for service of such order upon the accused but such section does not require personal service thereof. Rule 60 of the Rules of Civil Practice provides that the court or judge shall direct when and how an order to show cause shall be served. The order to show cause herein directed that the defendant be served by certified mail in Florida and service upon her was made as directed and she has had an opportunity to be heard.
Defendant’s action in taking the children out of the State of New York was calculated to and did defeat and prejudice the rights of relator. The motion to punish for contempt is granted. While the granting of the motion to punish for contempt might appear to be a futile act, if defendant has removed permanently to Florida, nevertheless, the fact is that she is in contempt and *104 if she returns to this jurisdiction the order to punish her might he served on her at that time. On the other hand, not to grant the motion would permit her to come to New York with the children from time to time and depart again before a new motion could be brought on and disposed of.
Settle order on notice to defendant’s attorney who appeared ‘ ‘ specially ’ ’ in this proceeding, providing that defendant may purge herself of the contempt by returning the children to the jurisdiction of this court within 30 days after the service of a copy of the order to be entered hereon with notice of entry thereof upon said attorney and upon the defendant, addressed to her at her last-known address, by-certified mail.