■ HARRY KOHN, Appellant, v. PHYLLIS KOHN, Respondent.— In an action by a husband for a divorce, in which the wife interposed a counterclaim for a judicial separation, and in which a judgment of separation in the wife's favor was rendered awarding her sole custody of the parties' infant daughter, $75 a week permanent alimony and a $750 counsel fee, the plaintiff husband appeals from an order of the Supreme Court, Westchester County, dated January 24, 1964, which: (a) granted the wife's motion to punish him for contempt in failing to pay such counsel fee; (b) permitted him to purge himself of the contempt by making 10 weekly payments of $75; (c) directed his commitment in the event of his default in such payments; and (d) denied his cross motion to be relieved of the payment of the alimony and counsel fee by reason of his financial inability, and to increase his visitation rights. Order reversed, without costs, and motion and cross motion remitted to the Special Term for further proceedings not inconsistent herewith. With respect to the motion to adjudge the husband in contempt, the order is defective in that it fails to declare that his disobedience to the judgment directing the payment of the counsel fee was calculated to, or actually did defeat, impair, impede or prejudice the rights of the wife; such declaration or recital is indispensable to a contempt adjudication (Judiciary Law, § 770; *Ross* v. *Ross*, 2 A D 2d 758; *Novie* v. *Novie*, 231 App. Div. 860; *Matter of Marinsky* v. *Ranald*, 259 App. Div. 849). Upon the remission to the Special Term, if the Justice finds as a fact on the basis of all the proof adduced, that the husband's disobedience was of the character described, he should make a finding accordingly and recite it in the order to be entered. It also appears that there is a serious dispute as to whether a copy of the judgment was ever served upon the husband. The husband insists that it was not served upon him; the wife asserts that it was; the affidavits are conflicting. Proper personal service of a copy of the judgment upon the husband would appear to be a prerequisite to holding him in contempt for the violation of its provisions (Domestic Relations Law, § 245; former Civ. Prac. Act, § 1172). In view of the sharp dispute as to the service, a hearing should be held upon the issue of whether proper service of a copy of the judgment was made upon the husband personally, and appropriate finding made on the basis of the proof adduced upon the hearing. Such finding should likewise be recited in the order to be entered. Since a hearing is required to be held and since a sharp dispute also exists with respect to the husband's financial ability to pay the alimony and counsel fee as directed by the judgment, the hearing should embrace all the issues raised on the husband's cross motion; and that motion should be determined *de novo* on the basis of all the proof. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.