Benjamin Brenner, J.
Plaintiff judgment creditor seeks to punish defendant judgment debtor for contempt for failure to comply with a subpoena issued out of the court. The question here is whether the Supreme Court should reject proceedings for the enforcement of a money judgment of the Civil Court where the judgment debtor resides or has a place of business or transacts business in one of the counties within the City of New York.
Under section 777 of the Civil Practice Act a proceeding against a judgment debtor could be instituted in the City Court only within the county where the judgment was rendered and only if the debtor resided or was regularly employed or had a place for the regular transaction of business in person in that county. Thus, if the Civil Practice Act were still in effect the judgment creditor here could not bring a proceeding in the Kings County Civil Court since the conditions above-enumerated do not exist. However, CPLB, 5221, subd. (a), par. 2 now provides that if the judgment sought to be enforced was entered in the Municipal Court of the City of New York, the City Court of the City of New York, or the Civil Court of the City of New York and the judgment debtor resides or is regularly employed or has a place for the regular transaction of business in person anywhere within the city the special proceeding for the enforcement of the money judgment “ shall be commenced in the civil court of the city of New York.” Thus, on the facts here obtaining, the judgment creditor may presently institute the proceedings in the Civil Court.
The problem is, however, complicated by CPLB 5018, subd. (a) which provides that a money judgment of the Civil Court may be docketed with the County Clerk and ‘ ‘ A judgment docketed by transcript under this .subdivision shall have the same effect as a docketed judgment entered in the supreme court within the county where it is docketed.” It may consequently be argued that .since a docketed judgment such as the one under consideration here has the same effect as a Supreme Court judgment, the judgment creditor may also pursue his remedies for the enforcement of a money judgment out of this court.
Yet it seems to me that the .sense ,of these sections, when read read together, is to avoid the enforcement of a judgment in the Supreme Court when possible, and to relegate such enforcement to the Civil Court where the judgment debtor resides within the city. While it is still necessary to docket *568 the judgment with the ‘County Clerk to enable the judgment creditor to subsequently docket his judgment in another county, the more or less peremptory language of CPLR 5221, subd. (a), par. 2 should not be ignored, namely, that the special proceeding '‘ shall be commenced in the civil court of the city of New York.” So, even if we assume that by virtue of CPLR 5018, subd. (a) the judgment creditor could bring his proceedings to enforce the money judgment in the Supreme Court, it should be the policy of the Supreme Court to reject such proceedings when they are also available to the judgment creditor in the Civil Court (CCA, §§ 1505, 1508). This, too, is the logical conclusion in the light of the obvious trend of the CPLR and the Civil Court Act to broaden the jurisdiction of the Civil Court. '
Accordingly, the motion to punish is denied, without prejudice to the institution of a proceeding in the Civil Court.