◼ MARGARET V. SCHETTINI, Respondent, v. VINCENT R. SCHETTINI, Appellant.— In an action by a wife for a judicial separation, in which a judgment had been entered April 17, 1956 in her favor, the defendant husband appeals from an order of the Supreme Court, made July 27, 1964 after a hearing, at a Special Term held in Westchester County, "for the County of Orange," which: (1) granted the wife's motion to punish him for contempt of court in failing to make the payments directed by a prior court order, dated March 6, 1964; and (2) denied, in part, his cross motion to transfer

the proceedings to the Family Court of Orange County, and for other relief. Order, insofar as it granted the plaintiff's motion to punish defendant for contempt, reversed, without costs, and plaintiff's motion remitted to the Special Term for further proceedings not inconsistent herewith. In all other respects, the order is affirmed, without costs. In our opinion, the order, insofar as it granted the motion to adjudge the defendant in contempt, is defective in that it does not declare that defendant's failure to obey the prior order of March 6, 1964 "was calculated to, or actually did, defeat, impair, impede or prejudice the [plaintiff's] rights or remedies" (Judiciary Law, § 770). Such a declaration or recital is indispensable to an adjudication for contempt (*Ross* v. *Ross*, 2 A D 2d 758; *Kohn* v. *Kohn*, 21 A D 2d 881). Whether defendant's disobedience was calculated to, or actually did, defeat, impair, impede or prejudice plaintiff's rights and, if so, what punishment should be imposed, should be determined by the Special Term. If it be determined that defendant's disobedience was of the character described, a finding should be made accordingly and recited in the order to be entered. We are also of the opinion that in all other respects the order appealed from was proper. Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.