■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DINA GOLDEN, Appellant, v ROBERT GOLDEN, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County, entered in the office of the clerk on February 20, 1976, adjudging appellant in contempt and imposing a $1,000 fine, and denying her cross motion to dismiss and for ancillary relief, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for plenary hearing on the issues of contempt, arrears in child support and counsel fees. We find that jurisdiction of the court over appellant was properly founded, despite the fact that she was a resident of New Jersey and the order to show cause initiating the application to punish her for contempt was served upon her attorneys rather than upon her personally. It would appear that appellant's refusal to permit visitation should be treated as a civil contempt (Judiciary Law, § 753). The order to show cause provided that service upon her attorneys would be "deemed good and sufficient service". These attorneys had represented her in the habeas corpus proceeding she had brought which eventuated in the several orders of the court providing for visitation by respondent. There is no doubt she was aware of these orders. Indeed, her attorneys had filed a notice of appeal on her behalf from the order entered November 15, 1974, although they never perfected that appeal. In the circumstances before us, service upon appellant's attorneys was sufficient to comply with jurisdictional prerequisites (Judiciary Law, §§ 753, 761; *Pitt v Davidson,* 37 NY 235; *Karpf v Karpf,* 260 App Div 701; *Greenberg v Greenberg,* 81 Misc 2d 180; *People ex rel. Taylor v Taylor,* 19 Misc 2d 101). Moreover, appellant having made initial application for an adjournment without any reservation of rights and having opposed the application on the merits and sought affirmative relief (for arrears in child support and for counsel fees), waived any jurisdictional defense. Considering the conflicting assertions of the parties concerning respondent's claim that appellant refused to permit visitation, it cannot be said that appellant willfully failed to comply with the order of the court. In order to punish for failure to comply, that failure must be established with reasonable certainty *(Ketchum v Edwards,* 153 NY 534). Appellant stated she had "problems" with the child since he "very often expressed refusal" to having his father take him from appellant's home, that psychiatric assistance and observation of the child became necessary and that after the psychiatrist advised both parents that visits by respondent with the child should be "curtailed for a number of weeks", respondent failed to exercise his visitation right. In the circumstances, appellant's alleged refusal to permit visitation warrants a plenary hearing on the issue of contempt, as well as her claim for arrears and counsel fees. As to the $1,000 fine for contempt imposed upon appellant in the court below, the record does not disclose how the amount was determined. Section 773 of the Judiciary Law provides in effect that if civil contempt is found a fine must be imposed upon the offender sufficient to indemnify the aggrieved party to the extent of actual injury or loss or where no actual injury or loss is shown the fine must be an amount not exceeding the aggrieved party's costs and expenses and $250 in addition thereto. A fine, if any would be due, and the amount thereof, must await the outcome of the plenary proceeding. Concur —Lupiano, J. P., Birns, Silverman, Lane and Markewich, JJ.