■ NEW YORK HIGHER EDUCATION ASSISTANCE CORPORATION, Appellant, v PHILIP D. COOPER et al., Respondents.—Appeals from orders of the Supreme Court at Special Term, entered December 12, 1977 in Albany County, which dismissed plaintiff's application to punish defendants for contempt for failure to respond to information subpoenas. Plaintiff, a New York corporation organized under article 14 of the Education Law, entered a judgment against defendants for money loaned pursuant to article 14 of the Education Law. Information subpoenas were later personally served upon defendants, and upon their failure to respond to them, plaintiff applied for an order adjudging defendants in contempt of court. Notice of motion for contempt and all supporting papers were served on defendants by regular mail. Special Term denied plaintiff's application, holding that an application to punish for contempt must be served personally and not by regular mail. The narrow question presented for our review is whether such an application may be served by regular mail. Article 19 of the Judiciary Law, as amended by chapter 437 of the Laws of 1977, does not expressly require personal service of an application to punish for civil contempt. Section 761 simply states that such an application must be "served upon the accused", and section 756 provides that the application shall be noticed, heard and

determined in accordance with the procedure for a motion on notice. (See generally, Siegel, NY Prac, § 484 [1st ed].) In our view, Special Term incorrectly construed section 761 to require personal service. We believe that by use of the term "served" without qualification, the Legislature clearly authorized service of an application to punish for contempt by regular mail (Judiciary Law, §§ 761, 756; see CPLR 2103, subd [c]), and that had personal service been required, the Legislature would have employed the words "personal service" when it amended section 761, as it carefully did in sections 772 and 773 of the Judiciary Law. Orders reversed, on the law and the facts, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.