LONG ISLAND TRUST COMPANY, Appellant, v ALFRED ROSEN-
BERG et al., Defendants, and SEMON & BRAVERMAN,
Respondent.

Second Department, September 8, 1981

APPEARANCES OF COUNSEL

*Halpern, Halpern & Axelrod, P.C. (Elliot Phillips* and
*Susan Goldenkranz Pernick* of counsel), for appellant.
*Semon & Braverman (Lee J. Mondshein* of counsel),
respondent *pro se.*

### OPINION OF THE COURT

LAZER, J. P.

The issue here is whether the current provisions of the
Judiciary Law permit civil contempt proceedings to be
instituted by service of a notice of motion by ordinary mail
upon an alleged contemnor who is not a party to the
underlying action in which the contempt is claimed to have
been committed. We conclude that such service is insuffi-
cient and that the recent amendments to sections 756 and
761 of the Judiciary Law have not altered the pre-existing
requirement that such civil contempt proceedings be com-

menced in the same fashion as subdivisions (c) and (d) of CPLR 403 require for special proceedings.

The current dispute derives from a supplementary proceeding brought by Long Island Trust Company (the bank) to enforce a default judgment it had obtained in Suffolk County against Alfred and Renee Rosenberg in May of 1977. The bank subsequently learned that Mrs. Rosenberg had died in January of 1977 and that the Rosenbergs conveyed their residence to third parties only days before her death. In an effort to acquire information concerning that conveyance, the bank, *inter alia,* served an information subpoena upon the law firm of Semon & Braverman which had been Mrs. Rosenberg's employer and had represented the Rosenbergs in the action which led to the judgment. The subpoena was served by certified mail, return receipt requested, as authorized by CPLR 5224 (subd [a], par 3).

When Semon & Braverman failed to respond to the subpoena, the bank applied to the Nassau County Court, from which the subpoena had issued, to hold the members of the law firm in contempt of court (see CPLR 5251, 5210). The notice of motion which initiated the contempt proceeding was served on the law firm by ordinary mail.

At first, the County Court denied the bank's application. Upon renewal, however, the court found the members of Semon & Braverman in contempt for their failure to respond to the information subpoena and rejected the defense that service of the motion by ordinary mail was defective. The court held that personal jurisdiction over the firm had been obtained by service of the information subpoena and that service of the contempt motion by ordinary mail was permitted by section 756 of the Judiciary Law and the Nassau County Court rules. Nevertheless, Semon & Braverman was afforded an opportunity to purge the contempt and to raise any other defenses to the proceeding. After further motions failed to convince the court that it had erred either legally or factually, Semon & Braverman ultimately filed its response to the subpoena but the court found the argument that the firm had no knowledge of the subpoena unpersuasive and refused to vacate the contempt order.

On appeal the Appellate Term reversed the orders in issue and denied the motion to hold Semon & Braverman in contempt. The court limited its review to the question of jurisdiction and found that personal jurisdiction over the firm, as a third-party witness, had not been acquired through service of the notice of motion by ordinary mail. Leave to appeal to this court was granted by the Appellate Term.

Disposition of the current controversy depends upon interpretation of two recently amended sections of the Judiciary Law when viewed against the historical context from which they emerged. The sections now read as follows:

"§ 756. Application to punish for contempt; procedure

"An application to punish for a contempt punishable civilly may be commenced by notice of motion returnable before the court or judge authorized to punish for the offense, or by an order of such court or judge requiring the accused to show cause before it, or him, at a time and place therein specified, why the accused should not be punished for the alleged offense. The application shall be noticed, heard and determined in accordance with the procedure for a motion on notice in an action in such court, provided, however, that, except as provided in section fifty-two hundred fifty of the civil practice law and rules or unless otherwise ordered by the court, the moving papers shall be served no less than ten and no more than thirty days before the time at which the application is noticed to be heard. The application shall contain on its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type:

"WARNING:

"YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT."

"§ 761. Notice to accused; service

"An application to punish for contempt in a civil contempt proceeding shall be served upon the accused, unless

service upon the attorney for the accused be ordered by the court or judge."

In arguing that ordinary mail service of the notice of motion sufficed to commence the contempt proceeding, the bank relies upon the language in section 756 that the application "shall be noticed, heard and determined" in accordance with the motion procedure in the hearing court. Semon & Braverman bases its argument that a higher form of notice was required upon distinctions between contemnors who are parties to the underlying main action and those who are not (see *Rosenberg v Rosenberg,* 259 NY 338). The law firm thus argues that the distinction between party and nonparty contemnors has been continued in the new statutory scheme through the retention of the requirement in section 761 that the application "be served upon the accused" unless service on the accused's attorney be ordered.

Sections 756 and 761 of the Judiciary Law were revised in 1977 (L 1977, ch 437, §§ 2, 4) as part of a series of amendments designed to overhaul the basic procedural mechanisms governing civil contempt proceedings as a result of a three-Judge Federal District Court judgment declaring the Judiciary Law provisions relative to civil contempts unconstitutional and enjoining their enforcement *(Vail v Quinlan,* 406 F Supp 951, revd on abstention grounds *sub nom. Juidice v Vail,* 430 US 327). The features of New York contempt practice found violative of due process by the District Court included the availability of a contempt remedy and warrant of imprisonment solely on the basis of a creditor's affidavit and ex parte proceeding (see Judiciary Law, former § 756), the inadequacy of the provision for notice of the consequences of failure to appear, subjection to possible imprisonment without informing the alleged contemnor of his right to counsel, and use of fine and imprisonment as penal, rather than remedial or coercive, sanctions. The subsequent remodeling of the contempt provisions unquestionably had as its primary purpose cure of the possible constitutional infirmities raised by the Federal court determination (but see *Walker v Walker,* 51 AD2d 1029 [preamendment judicial cure of *Vail* objections]). Resolution of the current controversy, how-

ever, requires more than examination of the 1977 legislative process, for the provisions in current issue have only a tangential relationship to the *Vail* objections. History is more illuminating.

Prior to the 1977 amendments, contempt procedures remained virtually unchanged from the time of their initial codification in the Revised Statutes (see 2 Rev Stats [1st ed], part III, ch VIII, tit XIII) in 1828. Section 5 of the mentioned Revised Statutes title — later embodied in sections 2269 and 2271 of the Code of Civil Procedure in 1880 and subsequently in former section 757 of the Judiciary Law (L 1909, ch 35, as amd, repealed by L 1977, ch 437, § 1) — provided two methods for instituting civil contempt proceedings. The first, the now defunct warrant of attachment (compare Judiciary Law, § 756, as added by L 1977, ch 437, § 2, eff July 12, 1977, with Judiciary Law, former § 757, repealed by L 1977, ch 437, § 1), commanded the Sheriff to arrest the contemnor and bring him before the court to answer for the alleged offense. The second, and obviously less intrusive method, was by order to show cause.

Where the order to show cause was utilized, the Revised Statutes simply required the order and supporting affidavits "to be served on the party accused" (see 2 Rev Stats [1st ed], part III, ch VIII, tit XIII, § 3). In *Pitt v Davison* (37 NY 235) the meaning of the service provision was placed directly in issue when service of the order was made on the contemnor's attorney and not personally on the contemnor. The *Pitt* court took the view that the contempt proceeding — which had been brought against the defendant in the underlying action — was simply a proceeding taken within the context of the main action and not an independent special proceeding requiring a new jurisdictional predicate. The order to show cause in such a case was said to be the equivalent of a notice of motion and, accordingly, it could be served on the contemnor's attorney without the necessity of personal service on the contemnor himself (see CPLR 2103, subds [b], [c]).

Subsequent cases intimated, however, that a contempt proceeding against a party to the main action was not simply a proceeding within that action but rather was an

independent special proceeding (see *Erie Ry. Co. v Ramsey,* 45 NY 637; *Sudlow v Knox,* 7 Abb Prac [NS] 411). In response to these cases, section 2273 of the Code of Civil Procedure was enacted with the express purpose of confirming the *Pitt* rule *(Jewelers' Mercantile Agency v Rothschild,* 155 NY 255; see, also, *Matter of Steinman v Conlon,* 208 NY 198; *Ray v New York Bay Extension R. R. Co.,* 155 NY 102). In language later carried over to former section 761 of the Judiciary Law, the code provision declared that: "[An order to show cause] is equivalent to a notice of motion; and the subsequent proceedings thereupon are taken in the action or special proceeding, as upon a motion made therein."

Notwithstanding this statutory authority, later judicial gloss distinguished between the requirements for service upon parties and nonparties to the action out of which the contempt arose. Where the contemnor was a party to the main action, it was held that jurisdiction had already been acquired in that action (see *Karpf v Karpf,* 260 App Div 701; *Rochester Lamp Co. v Brigham,* 1 App Div 490; see, also, *Ebsary Gypsum Co. v Ruby,* 256 NY 406; *Neugold v Ace Mail Adv.,* 244 App Div 675) and personal service was not required in the order to show cause instituting the contempt proceeding *(Pitt v Davison,* 37 NY 235, *supra; Grant v Greene,* 121 App Div 756; *Isaacs v Calder,* 42 App Div 152). Contempt could lie if the contemnor had the requisite notice of the order allegedly disobeyed (CPLR 5104, 5251; cf. former Civ Prac Act, § 801; see *Tebo v Baker,* 77 NY 33; *Johnson v Ackerman,* 192 App Div 890; *Grant v Greene, supra;* see, also, CPLR 5224, subd [a], par 3; former Civ Prac Act, § 782-a; *Idaho Potato Packers Corp. v Hunts Point Ind. Park,* 58 AD2d 547, app dsmd 42 NY2d 1101 [information subpoenas]) or at least had actual notice of it *(Underhill v Schenck,* 205 App Div 182; see, also, *People ex rel. Stearns v Marr,* 181 NY 463; *Orchard Park Cent. School Dist. v Orchard Park Teachers Assn.,* 50 AD2d 462, app dsmd 38 NY2d 911; *Puro v Puro,* 39 AD2d 873, affd 33 NY2d 805). This interpretation continued as controlling law until the 1947 amendment to former section 761 of the Judiciary Law, which mandated service of the order to show cause upon the contemnor himself, unless

service upon the attorney was provided for in the order (see L 1947, ch 900, § 6).

Where the contemnor was not a party to the underlying action, however, the contempt proceeding was viewed as a separate special proceeding independent of the underlying action (*Rosenberg v Rosenberg*, 259 NY 338, *supra; Matter of Depu*, 185 NY 60; *Matter of King v Ashley*, 179 NY 281; *Matter of Strong v Randall*, 177 NY 400; see, also, *Matter of Steinman v Conlon*, 208 NY 198, *supra; Geller v Flamount Realty Corp.*, 260 NY 346). The proceeding thus was guided by procedural rules governing special proceedings generally (see CPLR 401 *et seq.*). Because jurisdiction over the person of the contemnor was required to entertain the proceeding, the order to show cause generally was required to be served personally on the contemnor as the process commencing the proceeding (see CPLR 403; cf. *Board of Educ. v Pisa*, 54 AD2d 821; *People v Balt*, 34 AD2d 932; *Billingsley v Better Business Bur. of N.Y. City*, 232 App Div 227).

In our view, the recent amendments to the Judiciary Law have not extinguished the earlier case-law distinctions between parties and nonparties to the underlying action. It is apparent that the provisions of the current section 756 of the Judiciary Law which permit commencement of contempt proceedings either by notice of motion or order to show cause were designed to dispense with the necessity of obtaining judicial imprimatur to commence the proceeding and to overcome decisional law which denied relief on the technical ground that the contempt proceeding had been commenced by notice of motion rather than order to show cause (see, e.g., *Johnson v Ackerman*, 192 App Div 890, *supra; West Hudson County Trust Co. v Waldron*, 119 App Div 294), at least when the defect was not waived (see *Matter of Nelson v Nationwide Measuring Serv.*, 59 AD2d 717, mot for lv to app dsmd 43 NY2d 950; *Maigille v Leonard*, 102 App Div 367, affd 181 NY 558; *Byrne v Long Is. State Park Comm.*, 67 Misc 2d 1084 [HARNETT, J.]).

The bank asserts, however, that the language requiring that the application be "noticed, heard and determined" in accordance with the motion procedure in the hearing court

has sounded the death knell for differences in requirements for the institution of proceedings against parties and nonparties. If that was the legislative intent, however, it is difficult to justify retention of the language in section 761 that the application must "be served upon the accused, unless service upon the attorney for the accused be ordered". Section 761 is a process service provision for civil contempt proceedings which local court rules cannot alter, although under section 756 such courts may fix the times and the methods for processing contempt motions. The reference in section 761 of the Judiciary Law to "the accused" reflects legislative recognition of the onerous nature of the civil contempt proceeding and the consequent need to alert the accused directly of the severity of the peril. In light of this specific section governing service — which is entitled "Notice to accused; service" — we are unable to conclude that the historic requirements for service have now been subsumed under the more general provisions of the new section 756. While we agree that service of the notice of motion may be made by mail if the accused is a party to the underlying action or proceeding (see *New York Higher Educ. Assistance Corp. v Cooper,* 65 AD2d 906), the nonparty witness who is not privy to that action and is about to be made a party to a proceeding which may result in fine and incarceration is entitled to the same level of notice required to institute any special proceeding against any new party (see CPLR 403, subds [c], [d]).

Here, the nonparty witness was properly served with an information subpoena by certified mail, return receipt requested (see CPLR 5224, subd [a], par 3). The law firm's refusal to answer the questions propounded was punishable as a contempt (see CPLR 5251), but the independent special proceeding necessary to invoke such punishment, like the enforcement proceeding which yielded the subpoena, was required to be commenced in the County Court of Nassau County or the Supreme Court since the firm had no place for the transaction of business in Suffolk County (see CPLR 5210, 5221, subd [a], par 4).

Although the rules of the Nassau County Court permitted service of ordinary motion papers by ordinary mail,

jurisdiction for the commencement of a special proceeding — such as the contempt proceeding here — could not be obtained by ordinary mail service of a notice of motion (cf. *Mullane v Central Hanover Trust Co.*, 339 US 306). Accordingly, the order of the Appellate Term should be affirmed.

GIBBONS, COHALAN and THOMPSON, JJ., concur.

Upon an appeal by permission, order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated November 14, 1979, affirmed, without costs or disbursements.