OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion to punish the defendant for contempt. It raises certain questions about the proper construction of section 761 of the Judiciary Law which have not previously been encountered.
The motion was brought on by a simple notice of motion sent, by mail, only to the defendant’s attorney. The Judiciary Law now allows commencement of a contempt motion by a notice (Judiciary Law, § 756, as added by L 1977, ch 437, § 2). Pursuant to section 761 of the Judiciary Law, however, the application to punish for contempt “shall be served upon the accused, unless service upon the attorney for the accused be ordered by the court or judge.” In this case, it is conceded that the service of the notice of motion on the defendant’s attorney instead of on the defendant was not sanctioned by a court or Judge. Service on the defendant was not even made by regular mail which, since he was already a party subject to the jurisdiction of the court, would have been sufficient. (Long Is. Trust Co. v Rosenberg, 82 AD2d 591, 598; New York Higher Educ. Assistance Corp. v Cooper, 65 AD2d 906.) The plaintiffs *618 argue, first, that this defect in service is a mere irregularity which can be disregarded since the defendant had actual notice through his attorney and, second, that the defendant has waived any jurisdictional defense by submitting an affidavit on the merits.
The initial consideration is whether the failure to serve the notice of motion on the defendant can be disregarded as a mere irregularity. I hold that it cannot. To hold otherwise would be to render meaningless the plain language of the statute. While there are no cases on this point, it seems to me that the mandated judicial order cannot be dispensed with after the fact on a mere showing of a lack of prejudice. Even though in this case the absence of prejudice is clearly established, there are sure to be many cases where the court would have to engage in the difficult calculation of its presence or absence. This would dissipate the protection afforded to the alleged contemnor by the statute.
Until recently, a motion to punish for contempt could only be brought on by order to show cause which had to be served on the alleged contemnor unless the court saw fit to order otherwise. While the present statute affords the moving party considerable leeway in the manner of service, it is my opinion that courts ought to be wary in extending that leeway. This may be called a motion to punish for civil contempt, but the sanctions available to the court are severe, and include imprisonment. It is partly to emphasize this aspect of the motion that the statute refers to the alleged contemnor as “the accused”. In view of this, the matter of service is not to be taken lightly. It remains the clear intent of the statute not to allow the moving party to decide for himself whether or not to serve the alleged contemnor, but to reserve all discretion on this point to the court.
Since the defect in service in this case cannot be dismissed by the court as an irregularity the question becomes whether the defendant can waive it as a defense to the motion and if so, whether he has in fact waived it in this case. In People ex rel. Golden v Golden (57 AD2d 807), the motion to punish for contempt had been brought on by order to show cause, not by notice of motion. The court had directed service on the attorney for the accused only. After *619 approving that service, the Appellate Division added that even if there had been a jurisdictional defense, the defendant had waived it by his conduct in seeking an adjournment without reservation of rights, opposing the application on the merits and seeking affirmative relief. That case establishes that the defect is waivable and that the waiver can be made by conduct which shows a clear intention to oppose on the merits and not on the basis of the jurisdictional defense.
The court is mindful that the conduct held to constitute a waiver in Golden is similar to the conduct of the present defendant who initially, and before final submission, opposed the application on the merits. Here, however, the court believes that the conduct of the defendant and his counsel shows an intent to oppose on the jurisdictional grounds as well as on the merits. There is no requirement that the defendant choose between the two avenues of defense. While it is true that an adjournment was obtained by the defendant, this was for the purpose of submitting papers raising the jurisdictional defense. The court does not divine from this conduct the intent to forgo the jurisdictional defense which is at the heart of waiver.
Since the jurisdictional defense has been properly raised, and since the service was not properly made as directed by statute, the motion is denied with leave to re-move if so advised.