■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v LENORE RICHMAN, Individually and as Executrix of JULIUS RICHMAN, Appellant, et al., Defendant. — In a proceeding to adjudge defendant Lenore Richman, individually and as executrix of the estate of Julius Richman, in civil contempt for her failure to respond to subpoenas, and to punish her therefor, she appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 5, 1982, which, *inter alia,* adjudged her to be in contempt and imposed a fine of $587,638.37, plus $50 costs. Order reversed, on the law, without costs or disbursements, and proceeding dismissed. On or about January 21, 1981, a judgment in favor of plaintiff Federal Deposit Insurance Corporation was entered in the sum of $587,638.89 against Lenore Richman (hereinafter defendant), individually and as executrix of the estate of Julius Richman, in the United States District Court, Eastern District of New York. The judgment was docketed in the Supreme Court, Suffolk County, on February 10, 1981. On September 30, 1981, defendant was personally served with subpoenas, individually and in her capacity as executrix, which requested her, *inter alia,* to appear for an examination as a judgment debtor, such examination to be held at the Supreme Court, Suffolk County, on October 30, 1981. Subsequently, defendant sought and received an adjournment of the examination to November 10, 1981, at the office of plaintiff's attorney. On the adjourned date, defendant failed to appear for the examination. Thereafter, plaintiff commenced the instant civil contempt proceeding by service of a notice of motion, attorney's affirmation and supporting exhibits upon defendant by ordinary

mail. Plaintiff, by its attorney's affirmation, specifically alleged, *inter alia,* that defendant's failure to respond to the subpoenas denied it information relevant to the collection of the judgment and had increased the costs of collection of the judgment, and that defendant's conduct was calculated to and did defeat, impair, impede and prejudice the rights and remedies of plaintiff. In opposition to plaintiff's application, defendant, by her attorney's affirmation, contested only the court's jurisdiction to determine the application. It was contended that the Supreme Court of Suffolk County had not acquired personal jurisdiction over defendant by the docketing of the Federal judgment in Suffolk County. Therefore, since defendant was not a party to any transaction in the Supreme Court of Suffolk County or in the other courts of New York, it was argued that service of the notice of motion by ordinary mail upon defendant was improper and warranted dismissal of the proceeding. However, defendant's counsel stated that "if [the] judgment [arose] out of the Supreme Court of Suffolk County, and there were supplementary proceedings in which a motion was mailed, the [contempt] proceedings might lie". Although defendant's counsel further indicated that there was a factual basis for denial of the contempt application and requested leave to submit a response on the merits, if the jurisdictional objection was denied, defendant nevertheless failed to rebut or effectively deny any of the substantive allegations made in plaintiff's papers nor did she allege any excuse for her conduct. In a reply affirmation, plaintiff's counsel contended that CPLR 5018 (subd [b]) provided for the docketing of a Federal judgment in any county with the same effect as a judgment entered in the Supreme Court within that county, and that CPLR 5221 (subd [a], par 4) provided that a special proceeding to enforce a Federal court judgment is properly commenced in the Supreme Court in the county in which the defendant resides. Since defendant was served personally with the subpoenas issued from the Supreme Court, Suffolk County, the county in which she resided, it was therefore contended that service of the application to punish for contempt by ordinary mail was proper. Moreover, it was argued that defendant's request for leave to attack the "subpoenas" on other grounds should be denied because special appearances were no longer permitted. By order dated January 5, 1982, Special Term, *inter alia,* granted plaintiff's application to punish defendant for contempt, and fined defendant the sum of $587,638.37, plus $50 costs. The court specifically found defendant's jurisdictional objection to be without merit: "Defendant attempted to enter a 'special appearance'. Such is no longer recognized in the court's [*sic*] of this state. A Federal Court judgment properly docketed in this County permits the judgment creditor to commence a special proceeding to enforce a federal judgment, CPLR 5221 (a) (4). Further, service of this motion upon defendant was proper. Judiciary Law Sec. 756." Defendant appeals from said order. We conclude that dismissal of the proceeding is warranted based upon defendant's jurisdiction objection. CPLR 5018 (subd [b]) provides, in pertinent part, that a transcript of the judgment of a court of the United States rendered within the State may be filed in any county clerk's office and "upon such filing the clerk shall docket the judgment in the same manner and with the same effect as a judgment entered in the supreme court within the county". However, pursuant to this statute, the Federal judgment does not become a judgment of the Supreme Court. "There has been no judicial action [in the Supreme Court], and no judgment has been, in fact, entered" (*Dieffenbach v Roch,* 112 NY 621, 626). The judgment in question is simply deemed a judgment of the Supreme Court for the purpose of its enforcement (cf. *Gilmore v DeWitt,* 256 App Div 1046; *Quackenbush v Johnston,* 249 App Div 452; *Knapp v McFarland,* 462 F2d 935, 938). The docketing of the Federal judgment in the county clerk's office does not confer upon the Supreme Court personal jurisdiction over defendant. Accordingly, we find that the defendant

herein is to be treated in the same respect as the defendant alleged contemnor in *Long Is. Trust Co. v Rosenberg* (82 AD2d 591). In both cases the court in which the contempt proceedings had been commenced had not acquired personal jurisdiction over the alleged contemnor. Under these circumstances, jurisdiction over defendant herein can only be secured by commencing a proceeding "in the same fashion as subdivisions (c) and (d) of CPLR 403 require for special proceedings" (*Long Is. Trust Co. v Rosenberg, supra,* p 592). "[J]urisdiction for the commencement of a special proceeding — such as the contempt proceeding here — could not be obtained by ordinary mail service of a notice of motion (cf. *Mullane v Central Hanover Trust Co.,* 339 US 306)" (*Long Is. Trust Co. v Rosenberg, supra,* p 599). Moreover, the Supreme Court, Suffolk County, did not acquire personal jurisdiction over defendant based upon personal service of the subpoenas upon defendant, as such service does not commence a special proceeding (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5224:1, p 221; see CPLR 5221, subd [b]). Therefore, as the Supreme Court, Suffolk County, had failed to acquire personal jurisdiction over defendant, the proceeding must be dismissed (cf. *Ebsary Gypsum Co. v Ruby,* 256 NY 406; *Long Is. Trust Co. v Rosenberg, supra; Continental Bank v Moscatiello,* 115 Misc 2d 617). We further note that were we not otherwise dismissing the proceeding, a remittitur to Special Term would nevertheless have been warranted on the basis of certain defects in the order of contempt. The order in question does not recite whether defendant's conduct "was calculated to, or actually did, defeat, impair, impede or prejudice the [plaintiff's] rights or remedies" (Judiciary Law, § 770). Such a recital or declaration is indispensable to an adjudication for contempt (*Schettini v Schettini,* 22 AD2d 961; *Kohn v Kohn,* 21 AD2d 881; *Ross v Ross,* 2 AD2d 758). In addition, Special Term erred in setting the amount of the fine to be paid by defendant. Pursuant to section 773 of the Judiciary Law, the award of a fine that may be imposed in a civil contempt proceeding shall not exceed $250 plus the amount of the complainant's costs and expenses. Alternatively, "[i]f an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender * * * a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender" (Judiciary Law, § 773). In the instant matter plaintiff never specifically sought to recover an actual loss fine but merely requested that if defendant failed to comply with the subpoenas and to provide responsive answers, imprisonment and a $250 fine be imposed. However, Special Term's order indicates that an actual loss fine was imposed, which was neither requested nor established by plaintiff (cf. *Matter of Drimmer,* 97 AD2d 792; *State of New York v Unique Ideas,* 44 NY2d 345). Accordingly, remittitur to Special Term would have been required for a determination of whether defendant's conduct was calculated to, or actually did, defeat, impair, impede or prejudice plaintiff's rights, and, if so, what punishment should be imposed upon defendant (see *Matter of Drimmer, supra*). We have considered defendant's other contentions and find them to be without merit. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.