OPINION OF THE COURT
Allan L. Winick, J.
This is a motion by the plaintiff judgment creditor, through its attorneys, for an order pursuant to Judiciary Law § 756 et seq. finding the defendant judgment debtor Joseph Grippo to be in civil contempt of this court. It is alleged that Mr. Grippo failed to appear in this court on December 4, 1984, and respond to a subpoena duces tecum issued in a proceeding to enforce a money judgment of $425.02 allegedly entered in the “District Court of the County of Suffolk” on March 17, 1977.
For the reasons which follow, the motion is in all respects denied.
JURISDICTION OF THE PERSON:
In December of 1983, the Appellate Division, Second Department, decided Federal Deposit Ins. Corp. v Richman (98 AD2d 790). The court there held that where the enforcement (i.e., contempt) proceeding is brought in a court other than the one in *276 which the judgment was obtained, “jurisdiction over defendant * * * can only be secured by commencing a proceeding ‘in the same fashion as subdivisions (c) and (d) of CPLR 403 require for special proceedings’ (Long Is. Trust Co. v Rosenberg [82 AD2d 591], 592). ‘[jurisdiction for the commencement of a special proceeding — such as the contempt proceeding here — could not be obtained by ordinary mail service of a notice of motion (cf. Mullane v Central Hanover Trust Co., 339 US 306)’ (Long Is. Trust Co. v Rosenberg, supra, p 599). Moreover [even] personal service of the subpoenas upon defendant * * * does not commence a special proceeding. (Siegel, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C5224:l, p 221; see CPLR 5221, subd [b]).” (Federal Deposit Ins. Corp. v Richman, supra, at p 792; see also, Siegel, 1984 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C5224:l, p 47.) CPLR 403 (c) requires that a special proceeding be commenced by service of a notice “in the same manner as a summons in an action.” With a “natural person,” that service must be “personal”, pursuant to the provisions of CPLR 308.
In the instant case, the judgment sought to be enforced was allegedly obtained in the District Court of Suffolk County. The proceeding to enforce that judgment was commenced in this court by service of a notice of motion and affirmation upon the defendant judgment debtor by ordinary mail. Under the reasoning in Federal Deposit Ins. Corp. v Richman (supra), that is insufficient to confer upon this court jurisdiction over the person of the defendant judgment debtor. The motion to punish Joseph Grippo for contempt must therefore be denied in all respects.
jurisdiction generally:
From the papers submitted to the court, it appears that the judgment the plaintiff judgment creditor is seeking to enforce in this proceeding is one for $425.02, allegedly entered March 17, 1977 in the “District Court of the County of Suffolk.” CPLR 5221 (a) (2) provides in pertinent part as follows: “If the judgment sought to be enforced was entered in a district court * * * and the respondent resides or is regularly employed or has a place for the regular transaction of business in person within the county in which such district court is established, a special proceeding authorized by this article shall be commenced in such district court.” (Emphasis supplied.) As emphasized above, the language of the statute is mandatory. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 177 [a].) Considered in the over-all context of CPLR 5221 (a), it is clear the Legislature intended the language *277 of paragraph (2) to be mandatory. The statute is also worded in the alternative. Therefore, if a defendant judgment debtor fits into any one of the three alternatives emphasized above, the proper forum is the Suffolk County District Court. CPLR 5221 (a) (4), the paragraph of the statute giving this court “jurisdiction” over certain special proceedings, begins with the words, “In any other case”. That language obviously excludes from this court’s consideration any case which can fit into one of the preceding three paragraphs. (CPLR 5221 [a] [1], [2] or [3].) It thus appears that, where a judgment is obtained in the District Court of another county, the moving party, to establish jurisdiction in this court, must first negate the three alternatives set forth in CPLR 5221 (a) (2). In this case, even if the defendant judgment debtor does reside in Nassau County, if he is “regularly employed or has a place for the regular transaction of business in person” in Suffolk County, the enforcement proceeding must be brought in Suffolk County District Court. (CPLR 5221 [a] [2]; see, Bobrowsky v Bozzuti, 98 AD2d 700, 701.) From the information presently before the court, the instant application may be within the ambit of CPLR 5221 (a) (2). It should not therefore be entertained by this court until our “jurisdiction” is made clear.
In Bobrowsky v Bozzuti (supra, at p 701), the Appellate Division, Second Department, characterized CPLR 5221 as, “a legislative determination of the proper distribution of the administrative burdens imposed by these [enforcement] proceedings * * * The legislative determination as to distribution does not, however, create a jurisdictional defect in proceedings brought in the Supreme Court because the Legislature may not restrict the general jurisdiction of the Supreme Court5” (emphasis supplied). The County Court is however a court of limited jurisdiction, and has only such powers as are expressly conferred upon it by the State Constitution or by statute. It can therefore fairly be said that, as to a County Court, for the purpose of motions such as this one, CPLR 5221 (a) is a jurisdictional statute, and not merely one of venue. (See, Siegel, 1966 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1977 Supp Pamph, CPLR 5221; cf. General Elec. Credit Corp. v Davis, 44 Misc 2d 566; note, McKinney’s Cons Laws of NY, Book 1, Statutes § 171; but see, Siegel, NY Prac § 493.)
Since, from the papers presently before the court, the jurisdiction of this court over this proceeding is not established, the motion must be denied.
*278 PROOF OF judgment:
Based upon the papers presently before the court, the only indication this court has that the plaintiff does indeed have a judgment against the defendant is from certain blanks filled in on the form subpoena published by Julius Blumberg, Inc. There are no papers in the county clerk’s file on this matter, and no indication in the moving papers that the alleged judgment might have been docketed in this county. It seems a small task to require counsel to attach to his moving papers a certified copy of the transcript of judgment he seeks to enforce. (See, CPLR 2214 [c]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2214:23; Siegel, NY Prac § 246, p 302; § 493, p 668, n 7; Federal Deposit Ins. Corp. v Rickman, supra, at p 791.)
SUFFICIENCY OF THE AFFIRMATION
To obtain a contempt order, the moving party has the burden of proof, to show “by a reasonable certainty,” that an individual is in contempt. (Panza v Nelson, 54 AD2d 928.) Furthermore, applications to punish for civil contempt are, except in the most clear cut and obvious cases, addressed to the sound discretion of the court. (See, Matter of Storm, 28 AD2d 290, 292-293, and the citations contained therein.) The elements which must be factually shown to establish a civil contempt are (a) a showing of the commission of the offense, and (b) a showing that the offense so committed was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of the moving party. (Judiciary Law § 770; Quantum Heating Servs. v Austern, 100 AD2d 843, 844; cf. Coan v Coan, 86 AD2d 640; Great Neck Pennysaver v Central Nassau Pub., 65 AD2d 616; Giordano v Grand Prix Sales, Serv., Restoration Co., 113 Misc 2d 395, 401; Matter of Kahr, 85 Misc 2d 363.)
In the instant case, the affirmation in support of the motion to punish for contempt of Michael L. Kohl, Esq., dated December 11, 1984, states only, “That the conduct of the said person was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff herein, in that the plaintiff has been unable to obtain an examination of said person as authorized by law.” That, without more, does not meet the burden of showing “by a reasonable certainty” that the alleged conduct of the defendant judgment debtor was calculated to or actually did defeat, impair, impede, etc. The mere statement, without specific factual allegations will not suffice. It is axiomatic that a court must have facts, or at least uncontested factual allegations, in order to soundly exercise the discretion *279 vested in it. Discretion cannot be exercised, and this court will not exercise it, based upon a factually unsupported, nonspecific conclusory statement.
FOR FUTURE REFERENCE:
Counsel’s attention is directed to Feinstein v Bergner (48 NY2d 234). In this case, the subpoena was served pursuant to CPLR 308 (2). The affidavit of service of Evan Bernstein indicates that Mr. Bernstein delivered the subpoena to one “Mrs. Grippo, a person of suitable age and discretion,” at 37 Joyce Lane, Woodbury. Mr. Bernstein describes that address as the defendant’s “usual place of abode within the state.” Mr. Bernstein further avers that, on the day after delivery, he mailed a copy of the subpoena to the defendant; he does not however specify the address nor does he characterize the location to which it was mailed. In Feinstein v Bergner (supra), the Court of Appeals had occasion to rule on the sufficiency of service accomplished pursuant to CPLR 308 (4). The court applied a very strict and literal interpretation to the terms of the “nail and mail” statute. The “nailing” must be at an individual’s “actual place of business, dwelling place or usual place of abode,” while the “mailing” must be to an individual’s “last known residence” (p 240). The court noted that the provisions of CPLR 308 (4) parallel the “leave and mail” provisions of CPLR 308 (2), and emphasized that, in each case, the distinction between where papers must be “left or nailed” and where they must be “mailed” was drawn by the Legislature for a purpose. (Feinstein v Bergner, supra, at p 240.) Thus, the mailing may not be to the defendant’s “actual place of business”. Neither may the mailing be to the defendant’s “ ‘dwelling place or usual place of abode,’ ” for “there has never been any serious doubt that neither term may be equated with the [defendant’s] ‘last known residence’ ”. (Feinstein v Bergner, supra, at p 239.) Based upon the affidavit of service presently before the court, it is impossible to ascertain whether service pursuant to CPLR 308 (2) was properly accomplished. The affidavit of service here neither lists nor describes the address to which the copy of the subpoena was mailed; it therefore never lists nor describes it as the defendant’s “last known residence”. That being so, it cannot be said that service pursuant to CPLR 308 (2) was properly accomplished here. As the Honorable David T. Gibbons stated in Stevens Plumbing Supply Co. v Bi-County Plumbing Supply Co. (94 Misc 2d 456, 457): “ ‘Contempt proceedings are stricti juris. Goldie v. Goldie, 77 App.Div. 12, 14, 79 N.Y.S. 268, 269. Courts insist on strict and literal construction of contempt statutes and accord to the *280 accused all rights, even the most technical rights, which it may afford. In re Berkon, 180 Misc. 659,43 N.Y.S.2d 334, reversed on other grounds, 268 App.Div. 825, 49 N.Y.S.2d 551, affirmed 294 N. Y. 828, 62 N.E.2d 388.’ ” (Emphasis supplied.) Furthermore, in Long Is. Trust Co. v Rosenberg (82 AD2d 591, 598), the Appellate Division, Second Department, emphasized the “onerous nature of the civil contempt proceeding and the consequent need to alert the accused directly of the severity of the peril.” (Emphasis supplied.) It is for such reasons that this court requires that all papers submitted for consideration in civil contempt proceedings meet a very high standard. It cannot fairly be said that Mr. Bernstein’s affidavit of service meets that exacting standard. In fact, the same may be said for the motion papers submitted by the plaintiff judgment creditor in general.
The motion is in all respects denied.