OPINION OF THE COURT
Arthur W. Lonschein, J.
This application to punish the judgment debtor for contempt presents the novel question of whether the movant can introduce a fatal defect into his papers by giving the respondent too much advance notice. For the reasons stated below, the court concludes that too much notice is just as fatal as too little, and denies the motion without prejudice.
Procedure on a contempt motion is governed by Judiciary Law § 756, which provides that "unless * * * ordered by the *786 court, the moving papers shall be served no less than ten and no more than thirty days before the time at which the application is noticed to be heard.” The affidavit of service recites that the notice of motion was mailed on June 27, 1988, and the motion was noticed to be heard on August 9, 1988, more than 30 days later. Due to the court’s vacation schedule, the motion was adjourned to September 6, 1988, and was actually submitted on that day. The relevant time period, however, must be that between the service of the notice of motion or order to show cause and the return date noted thereon.
There are no reported decisions dealing with the jurisdictional effect of the time requirements of Judiciary Law § 756. The only decision in the area is Department of Hous. Preservation & Dev. v Chaney (137 Misc 2d 1079), wherein the Appellate Term, apparently as a matter of discretion, vacated a contempt finding made on default after a Housing Judge had authorized a two-day return period.
Since the contempt power is penal in nature, and the sanctions involved are severe, courts will generally construe the statutory procedural requirements strictly, and defects will be regarded as jurisdictional (Matter of Devine, 126 AD2d 491; Murrin v Murrin, 93 AD2d 858; Continental Bank v Moscatiello, 115 Misc 2d 617).
Here, the defect cannot be excused as a mere irregularity. The upper limit on the return period, no less than the lower limit, is designed to ensure that the accused has a reasonable time in which to respond, neither so short as to preclude adequate preparation nor so lengthy as to tempt him to procrastinate and eventually forget to appear.
Therefore, the court holds that it does not have jurisdiction to entertain this motion, and it is denied without prejudice.