■ FRANCIS J. CHARLTON et al., Respondents, v GENERAL FOODS, INC., Appellant, et al., Defendants.—Resettled order, Supreme Court, New York County, entered June 5, 1974, which denied the motion of defendant-appellant General Foods, Inc., to dismiss the amended complaint, and granted plaintiff's cross motion to amend the summons to name General Foods Corporation in lieu of General Foods, Inc., in the caption thereof, unanimously affirmed, without costs and without disbursements. It is obvious that the plaintiffs always intended to sue General Foods Corporation, their employer, and only inadvertently named General Foods, Inc., in the caption of the summons. The amended complaint itself makes this clear, and the actual defendant was never misled nor prejudiced by the fact that its subsidiary, General Foods, Inc., was by mistake named in the caption. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Lynch, JJ.

■ ALINA SABUK et al., Respondents, v ROSS K. PETERSON, Appellant.— Order, Supreme Court, New York County, entered June 17, 1975, granting plaintiffs' motion for an order setting aside the jury's verdict in favor of the defendant, and remanding for a new trial, unanimously affirmed, with $60 costs and disbursements to respondents. On January 14, 1973, at about 2:00 A.M., plaintiffs, passengers in a motor vehicle owned and operated by defendant, were apparently injured when defendant lost control of the car while entering the Van Wyck Expressway from Queens Boulevard. At no point in the trial did defendant unequivocally assert that the plaintiffs had not suffered some damages from defendant's alleged negligence. Indeed, defense counsel in his summation declared that "the issue of liability in this case is not really in serious dispute", and further indicated that defendant's main contention was that plaintiffs did not sustain serious injury. Perusal of the record demonstrates that plaintiffs suffered some injury. After the rendition of the verdict in defendant's favor, on questioning by the trial court, the forelady in explanation of their finding on the negligence issue, asserted that plaintiffs did not prevail because they did not get themselves "into a hospital right away. By not going to a doctor right away." The verdict is contrary to the weight of the evidence because it is clear from the record that the jury could not have reached its conclusion on any fair interpretation of the evidence. Concur—Lupiano, Silverman, Lane and Lynch, JJ.; Kupferman, J. P., concurs in the result.