■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BERDICIA, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 19, 1976, convicting defendant of murder in the second degree, manslaughter in the first degree, robbery in the first degree, burglary in the second degree, and criminal possession of a weapon in the fourth degree, and order of said court entered on June 16, 1976 denying defendant's motion to suppress, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the motion to suppress granted and the case remanded for a new trial (CPL 470.55, subd 1). The appellant was jointly indicted and tried with a codefendant, Maria Rivera. This court in the appeal by said codefendant Rivera reversed the judgment of conviction and ordered a new trial on the ground that the admission into evidence of postindictment statements made by said defendant to the police were improperly admitted into evidence in that the defendant had not knowingly and intelligently waived her right to counsel (see *People v Rivera,* 66 AD2d 714). This same error was committed with respect to the admission of the instant appellant's postindictment statement on the trial requiring a reversal of the judgment and a new trial (see, also, *People v Settles,* 46 NY2d 154). Concur—Kupferman, J. P., Birns, Sandler, Lane and Silverman, JJ.

■ FRANK VALENZA, Appellant, v BIBBI VALENZA, Respondent.—Order, Supreme Court, New York County, entered October 10, 1978, denying plaintiff's motion for an order directing seizure by the Sheriff of certain chattels alleged to be owned by plaintiff, unanimously reversed, on the law, without costs or disbursements on the appeal, and plaintiff's application to recover the chattels described in his supporting affidavit granted, on condition that plaintiff post an appropriate undertaking in the sum of $10,500, twice the value of the chattels to be seized, as required by CPLR 7102. Contrary to the finding by Special Term, the fact that in the matrimonial action presently pending, defendant claims a substantial arrearage in alimony and child support has no bearing upon the issues tendered for disposition in this replevin action. On this record, there is no real dispute as to plaintiff's entitlement to the chattels. Nor does defendant assert any claim of ownership. The conclusory assertion that plaintiff had abandoned the chattels when he left the marital abode is insufficient for that purpose. Settle order. Concur—Kupferman, J. P., Fein, Markewich, Silverman and Yesawich, JJ.