OPINION OF THE COURT
Arthur D. Spatt, J.
In this action to recover possession of his 1967 Ferrari automobile, the plaintiff moves for the following relief:
*396 1. An order of seizure of the 1967 Ferrari automobile
2. For a preliminary injunction
3. To declare null and void a “Notice of Lien and Garage-man’s affidavit”
4. To hold defendant in contempt “for its breach of a court order”
5. To amend the caption
BACKGROUND AND CONTENTIONS
Plaintiff is the owner of a 1967 275/GTB4 Ferrari automobile which he calls a “world-renowned, classic work of art”. The defendant is engaged in the business of restoring automobiles such as the plaintiff’s Ferrari. On or about November 13,1978, plaintiff turned over his automobile to the defendant for the purpose of a restoration of the automobile. At that time, according to plaintiff, he was given an estimate of approximately $18,000 for this work, with an overrun of no more than 20%. Plaintiff states that defendant represented that this work would be completed within six months from the date of delivery. To date, says plaintiff, almost three years have gone by, he has expended some $30,000 and the work on the car is still not completed. Plaintiff contends that his Ferrari automobile is a “unique chattel * * * a collector’s item and is extremely valuable and rare”.
Plaintiff asserts that in 1978, when he delivered his Ferrari to the defendant, it had a value of approximately $22,000, while the car is now worth approximately $50,000 and will continue to appreciate in value. Plaintiff now sues to recover possession of his car and for damages for its wrongful detention and for conversion.
In a temporary restraining order contained in an order to show cause dated September 17, 1981 (Becker, J.), the defendant, its agents, servants and employees were enjoined from removing the automobile from its present location, and from transferring, selling or otherwise disposing of the Ferrari until the further order of this court. This order to show cause, together with the summons and complaint, was allegedly personally served on the defendant “corporation” by service upon its manager on September 22, 1981.
*397 On the same day that the said order to show cause was served, a notice of lien and garageman’s affidavit was prepared, advertising a sale of the Ferrari automobile by Fred Reisner, a licensed auctioneer, to be held on October 29, 1981.
In opposition, defendant asserts that the defendant corporation is not the proper party in this proceeding. The proper party, says defendant, is James P. McAllister doing business as Grand Prix SSR Co., who performed the work and services on plaintiff’s Ferrari and has a lien with regard to services rendered which remain unpaid. Further, defendant contends that seizure is inappropriate since a valid lien exists for labor and services. In addition, defendant asserts that it never authorized the auction by Fred Reisner, Inc. Finally, defendant asserts that the plaintiff had paid the sum of $32,728.41 of a total bill of $64,711.68, so that the sum of $31,983.27 is due and payable, and that the “automobile is secure and protected”.
AS TO THE AMENDMENT OF THE CAPTION
Plaintiff seeks relief to amend the caption so as to correctly name the defendant and to now read as follows:
“John P. Giordano,
Plaintiff,
-against-
James P. McAllister, d/b/a
Grand Prix SSR Co.,
Defendant.”
Defendant states that the defendant corporation was incorporated on August 9, 1979, and it does not possess plaintiff’s automobile. Rather, the party with possession of the automobile and the proper party defendant “is an individual named James P. McAllister doing business as Grand Prix SSR Co.”.
One A1 Meyer, the general manager of “an entity owned and operated by one James P. McAllister doing business as Grand Prix SSR Co.”, acknowledges, by affidavit, that the order to show cause dated September 17,1981 (Becker, J.), “was delivered to the office of the entity known as Grand *398 Prix SSR Co.” on September 22, 1981. Attached to said order to show cause was the summons and complaint, among other papers. Mr. Meyer further states that, following receipt of the said papers, he “contacted counsel James M. Catterson, Jr.”, with regard to the company’s rights.
At any stage of an action, a court may permit a mistake, omission, defect or irregularity to be corrected upon such terms as may be just (CPLR 2001) so that, for example, if a corporate entity is served under an incorrect name, the court may permit this mistake to be cured if that corporate entity was fairly apprised that it was the party intended to be named. (Ryan v Nationwide Mut. Ins. Co., 20 AD2d 270; Richardson v Millard, 58 Misc 2d 502, opp dsmd 33 AD2d 820, mot for rearg granted and order affd 33 AD2d 944; Fiorella v Buffalo Park Lane Rest., 49 Misc 2d 518.)
The rule is set forth in the seminal case of Stuyvesant v Weil (167 NY 421, 425-426), as follows:
“But we cannot concur with a view that insists upon it that any error appearing in a summons in the name of a defendant prevents the court from acquiring jurisdiction of such defendant, notwithstanding he was fully apprised, when service of the summons was made upon him, that he was the party intended to be named therein and affected thereby * * *
“It may happen, as in this case, that the defendant’s name is not correctly stated in the summons, and in such case it is the duty of the court, when properly moved, to determine whether, notwithstanding the error, the defendant was fairly apprised whether he was the party the action was intended to affect, and if the answer of the court be in the affirmative, its determination must be that the court acquired jurisdiction. In our judgment the facts disclosed by this record permit only one answer to the question, Was Mary J. Stockton fairly apprised by the summons and complaint served upon her that the object of the action was to foreclose a mortgage upon the premises owned by her? viz., that she was. That being so, it follows that it was the duty of the court, when applied to, to hold that jurisdiction had been acquired and thereupon to grant such amendments in furtherance of justice as the statute authorized.”
*399 In this case, the defendant concedes that the general manager of James P. McAllister doing business as Grand Prix SSR Co. received the order to show cause and annexed papers, and thereafter contacted that entity’s attorney. Therefore, the correct and proper defendant McAllister was fully apprised of this action and was never misled or prejudiced by the fact that its associate corporation was, by mistake, named in the caption. (See Charlton v General Foods, 52 AD2d 829.)
Moreover, even if McAllister’s general manager was served rather than McAllister himself, such jurisdictional objection has been waived. CPLR 3211 (subd [e]) provides as follows: “An objection based upon a ground specified in paragraphs eight [no jurisdiction of the person] or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading.”
As stated in the Practice Commentaries (Siegel, McKinney’s Cons Laws of NY, Book 7B, CPLR 03211:59, p 63) “the omission to make the paragraph 8 or 9 objection either by motion or answer will waive it.” Here, defendant has made no CPLR 3211 motion or cross motion to dismiss on the ground that the court does not have jurisdiction of the person of the defendant, nor has the defendant interposed such defense in the answer* Therefore, there has been a waiver.
Accordingly, plaintiff’s motion to correct the name of the defendant named and amend the caption to read as set forth above, is granted.
AS TO SEIZURE
CPLR 7102 (subd [d], par 1) provides that in seeking an order of seizure, the plaintiff shall have the burden of establishing the requisite grounds. The plaintiff must establish a prima facie superior possessory right to the subject vehicle. (Staff v Hemingway, 47 AD2d 709.) The issue is whether the plaintiff has the superior possessory *400 right and not who has title. (See Scutti Pontiac v Rund, 92 Misc 2d 881.)
While the plaintiff has title to the Ferrari, and sets forth a “claim” that he has paid for the work involved and therefore should regain possession of the vehicle, the defendant has an artisan’s lien on the vehicle pursuant to section 180 of the Lien Law. (See Park Place-Dodge Corp. v Collins, 75 Misc 2d 25, affd 43 AD2d 910.)
The fact that the notice of sale dated September 22,1981 may have been defective in that it violated the terms of section 201 of the Lien Law does not vitiate the lien itself.
By reason of this artisan’s lien and the conflicting factual issues as to the moneys due to the defendant, if any, the plaintiff has failed to establish a prima facie possessory right to the Ferrari, and his motion for an order of seizure is denied. (See, e.g., Valenza v Valenza, 67 AD2d 879, where there was no real dispute as to plaintiff’s entitlement to the chattel.)
AS TO A PRELIMINARY INJUNCTION
CPLR 7109 (subd [a]) provides as follows: “(a) Injunction, temporary restraining order. Where the chattel is unique, the court may grant a preliminary injunction or temporary restraining order that the chattel shall not be removed from the state, transferred, sold, pledged, assigned or otherwise disposed of until the further order of the court.”
Thus, heirlooms, works of art and other similar items have been held to be unique and subject to the injunctive provisions of CPLR 7109 (subd [a]). (Glick v Beer, 263 App Div 599.) While a “Ford truck” is not unique (Morse v Penzimer, 58 Misc 2d 156), a 1967 Ferrari automobile valued, without dispute, at $50,000, is sufficiently unique to come within the ambit of this statute.
Moreover, an additional reason for preliminary injunctive relief is the abortive attempt to sell the car.
Applicable here is an enforcement of the real purpose of a preliminary injunction, namely, to maintain the status quo until the factual issues as to the amount due to defendant, if any, may be resolved. (See Schlosser v United Presbyt. Home at Syosset, 56 AD2d 615; Tucker v Toia, 54 AD2d 322.)
*401 Accordingly, plaintiff’s motion for a preliminary injunction is granted. The defendant and his agents, servants, employees and any auctioneers, liquidators on his behalf, including Fred Reisner, Inc., are hereby enjoined, restrained and prohibited from transferring, selling, pledging, assigning or removing from defendant’s place of business, selling at auction or otherwise disposing of the said 1967 275/GTB4 Ferrari automobile owned by the plaintiff and the subject matter of this action, until the further order of this court.
AS TO CONTEMPT
The order of the court dated September 17, 1981 (Becker, J.), was clear and explicit. (See Suchomski v Suchomski, 73 AD2d 1038.) It stated that “the Defendant, its agents, servants, and employees are hereby enjoined and restrained from removing from this State or present location, transferring, selling, pledging, assigning or otherwise disposing of the aforesaid 1967 275/GTB4 Ferrari automobile until the further Order of this Court.”
The defendant’s general manager concedes that he was served with this order on September 22,1981. On the very same date, a notice of lien was issued advertising a sale of the subject vehicle for October 29, 1981.
Where a civil contempt is sought, “it is not necessary that such disobedience be deliberate; rather, the mere act of disobedience, regardless of * * * motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party”. (Great Neck Penny saver v Central Nassau Pub., 65 AD2d 616-617.)
“Good faith” asserted by a contemnor as a defense relates to criminal, not civil, contempt. (See Matter of Faulisi v Board of Police Comrs. of City of Corning, 7 Misc 2d 704.)
However, the terms of the order must be clearly expressed and it must appear, with reasonable certainty, that such terms have been violated. (Cleary v Kenny Scow Corp., 57 Ap2d 313.)
There are three obstacles to any finding of civil contempt in this case. First, the true defendant was not correctly named in the order served at the proper office location. *402 Secondly, the defendant denies any violation of this order. Lastly, the fact that the order was served on the same day as the preparation of the notice of lien presents a factual issue as to whether the defendant participated in this attempt to sell the vehicle before or after the order was served.
Where the facts as to compliance with the order are in dispute, as in the instant case, a hearing must be held. (State of New York v Unique Ideas, 56 AD2d 295, mod 44 NY2d 345.)
In this case, since there will be a speedy trial as a result of the trial preference directed herein, in the interests of judicial economy the hearing on the contempt charge is respectfully referred to the Trial Justice for disposition.
A TRIAL PREFERENCE
This situation, involving the possession of a valuable and “unique” Ferrari motor vehicle, requires, in the interests of justice, a speedy trial. Accordingly, this case is granted a special trial preference. Both parties are directed to conclude all discovery on or before March 15,1982. The attorneys for the plaintiff are directed to serve and file a note of issue and pay all required fees on or before March 22,1982, and the appropriate clerk is directed to place this case at the head of the Trial Calendar for March 30,1982, subject to the discretion of the Justice presiding.
The attorneys for the plaintiff are directed to personally serve copies of this order upon the defendant-James P. McAllister, d/b/a Grand Prix SSR Co., and to serve copies of this order upon defendant’s counsel by certified mail, return receipt requested, all within seven days of the date hereof.

 The sole defense interposed states that the corporation “is not a proper party defendant in this action”.