■ Owen J. McCormack, Respondent, v Anchor Savings Bank, F.S.B., Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered August 22, 1991, which, upon granting of reargument, adhered to its prior order entered May 20, 1991 cancelling appellant's lien, unanimously modified, on the law, to the extent of reinstating the lien, and otherwise affirmed, without costs.

Appellant's defective service of the notice of sale, pursuant to Lien Law § 201, does not vitiate its lien *(Giordano v Grand Prix Sales, Serv., Restoration Co.,* 113 Misc 2d 395, 400). Therefore, only the sale and notice of sale, not the lien, should have been deemed invalid by the May 20, 1991 order. We do not decide whether service of the notice was "commercially reasonable" within the meaning of UCC 9-504 (3), since appellant, by virtue of the notice, had expressly subjected its lien to challenge under the Lien Law. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.

■ In the Matter of Ronald Singleton, Appellant, v Lee P. Brown, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 14, 1990, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying him disability retirement, and dismissed the petition, unanimously affirmed, without costs.

The record supports the determination of the Board of Trustees that the petitioner was not disabled. In such matters, the Board of Trustees is entitled to rely upon the medical conclusions of the Medical Board *(Matter of Canfora v Board of Trustees of Police Pension Fund,* 60 NY2d 347, 351). Here, the Medical Board considered petitioner's condition five times, over a five year period, and each time determined he was not disabled. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.