Matter of Ger v Saxony Towers Realty Corp. (2022 NY Slip Op 06243)

Matter of Ger v Saxony Towers Realty Corp.

2022 NY Slip Op 06243

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2019-07421
 (Index No. 714605/18)

[*1]In the Matter of Igor Ger, et al., respondents,
v
Saxony Towers Realty Corp., et al., appellants.

Forchelli Deegan Terrana LLP, Uniondale, NY (Richard A. Blumberg of counsel), for appellants.
Rex Whitehorn & Associates, P.C., Roslyn, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to Lien Law § 201-a, inter alia, to cancel certain liens on cooperative apartment units, Saxony Towers Realty Corp. and John B. Lovett & Associates, Ltd., appeal from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), dated May 2, 2019. The judgment, insofar as appealed from, granted that branch of the petition which was to cancel the liens.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to cancel the liens is denied.
The petitioners allege that they were the owners of shares allocable to certain apartment units in a residential cooperative building located in Jackson Heights. Saxony Towers Realty Corp. (hereinafter Saxony) was the proprietary lessor of the cooperative building, and John B. Lovett & Associates, Ltd., was the managing agent (hereinafter together the appellants). In July 2018, in accordance with provisions of the proprietary lease and the cooperative by-laws, Saxony sent notices of default by certified and regular mail to the addresses of the subject apartment units advising the petitioners that they were in default of their leases due to their failure to pay maintenance fees and other charges. In August 2018, Saxony sent notices of termination by certified and regular mail to the addresses of the subject apartment units advising the petitioners that their shares in the units would be cancelled due to the petitioners' failure to cure their default. In September 2018, Saxony sent notices of sale by certified and regular mail to the addresses of the subject apartment units stating that the petitioners' shares in the units would be sold at public auction.
The petitioners commenced this proceeding pursuant to Lien Law § 201-a, inter alia, to cancel liens asserted by the appellants on the apartment units at issue. In a judgment dated May 2, 2019, the Supreme Court, among other things, granted that branch of the petition which was to cancel the liens.
Pursuant to Lien Law § 201-a, within 10 days after service of a notice of sale, the owner or any person entitled to notice may commence a special proceeding to determine the validity of a lien. Here, while service upon the petitioners of the notices of sale was in accordance with the proprietary lease and the cooperative by-laws, the notices of sale did not contain a statement setting forth "[t]he nature of the debt or the agreement under which the lien arose, with an itemized statement of the claim and the time when due," as required under Lien Law § 201. Nevertheless, the [*2]deficiencies in the notices of sale did not provide a basis for cancellation of the liens (see McCormack v Anchor Sav. Bank , 181 AD2d 580; Giordano v Grand Prix Sales, Serv. Restoration Co. , 113 Misc 2d 395, 400 [Sup Ct, Nassau County]).
Furthermore, contrary to the Supreme Court's determination, the notices of default and the notices of termination were served upon the petitioners in accordance with the terms of the proprietary leases. Pursuant to the proprietary leases, any notices sent to a "Lessee," defined as the owner of shares of an apartment unit, had to be given in writing and sent by certified or registered mail "addressed to the Lessee at the building" where the subject apartment units were located. Here, the appellants complied with that requirement by sending the notices of default and the notices of termination by certified and registered mail to the addresses of the subject apartment units. Further, although the proprietary leases permitted a "Lessee" to provide written notice designating a different address for service of notices, there is no indication in the record that the petitioners ever provided such notice to designate a different address for such service.
To the extent that the Supreme Court granted that branch of the petition which was to cancel the liens on the ground that the appellants did not submit certain documents, including copies of the proprietary leases for apartment units at issue, the court's determination was improper.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
Accordingly, the Supreme Court should have denied that branch of the petition which was to cancel the liens.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court